(No. 26639.—

L. E. ALMON *et al.*, Appellants, *vs.* AMERICAN CARLOAD-
ING CORPORATION *et al.*—(JOHN T. O'BRIEN *et al.*,
Appellees.)

*Opinion filed September 21, 1942—Rehearing denied Nov. 11, 1942.*

HELEN W. MUNSERT, and WILLIAM B. ESTERMAN, for appellants.

WALTER F. DODD, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This case comes to this court by the granting of a leave to appeal from the Appellate Court. The principal controversies are as to the finality of the order of the circuit court of Cook county, from which the appeal to the Appellate Court was taken, and the right of one not a party of record to prosecute an appeal.

The American Carloading Corporation was engaged in the transportation of freight by motor truck. The appellants here, who were plaintiffs in the trial court and will be referred to as plaintiffs, were employed by it in various capacities in connection with its business. All of them were members of local unions affiliated with the International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America, which is affiliated with the American Federation of Labor. Of the 91 plaintiffs, 56 were members of Chicago Local Union No. 710, 24 of Detroit Local No. 299 and the remainder were members of locals located in other States. On December 22, 1940, a dispute arose between the carloading corporation and plaintiffs which involved a controversy over back pay claimed by plaintiffs. This dispute was soon adjusted by the employer and the employees. Persons who were at the time holding various official positions in Chicago Local Union No. 710 participated in the negotiations leading to the settlement.

On April 16, plaintiffs started an action against the American Carloading Corporation, John T. O'Brien, Frank Brown, Tom Keegan, Joe Deffeley and Mike Healy. The individuals named were officials of Chicago Local Union No. 710 and had participated in the settlement of plaintiffs' claims against the carloading corporation. In substance it was alleged that the agreement was that representatives of the employees and employer were to audit the employer's books to determine the amount due plaintiffs, if any; that after the making of such audit the carloading corporation issued and delivered to defendants approximately 160 checks totaling about $20,000, which checks defendants (the individuals named) refused to deliver to plaintiffs. It was alleged that the terms of the agreement were that the checks should be made payable to each employee for the amount found due and that the defendants other than the corporation, had refused to deliver the checks to the respective payees, except upon condition that they be paid twenty-five per cent of the amount of each check. It was charged on information and belief that the defendants had removed some of the checks, books and records pertaining to the settlement beyond the jurisdiction of the court and that to enforce their claim for a part of the money they threatened plaintiffs with loss of employment or expulsion from the union or both, and personal violence to them and their families.

A temporary injunction was asked to restrain the removal of the checks, commission of acts of violence or the destruction or secreting of any of the records of the local union pertaining to said matter. In addition, plaintiffs prayed that a receiver be appointed for the local union No. 710 and that its officials be required to render a just and true account of all final transactions for the preceding twelve months. Later the complaint was amended by adding eight more persons as parties defendant, who it was alleged were also officials of the Chicago Local Union

No. 710. An amendment was made to make it a representative action on behalf of themselves and all other members of the union insofar as it pertained to the appointment of a receiver and the auditing of the books of the union.

Thereafter, the thirteen named as defendants, by their attorney Daniel D. Carmell and other attorneys, filed an answer raising an issue as to what were the terms of the settlement agreement between the plaintiffs and the carloading corporation and claimed that by the agreement they were entitled to a deduction of a percentage of each check. Affirmative relief against the plaintiffs was asked for by counterclaim. Inasmuch as the issues raised by the pleadings are pending in the trial court, where the main litigation remains undetermined, no further reference need be made to this.

After the filing of defendants' answer, plaintiffs filed a motion to disqualify counsel Daniel D. Carmell and the others who had appeared for defendants, and asked that their appearance and all pleadings filed for and on behalf of the defendants be stricken from the record. After a hearing which included the taking of evidence, the court ordered attorney Daniel D. Carmell to discontinue his appearance as attorney in the proceeding for either party. The thirteen defendants filed a notice of appeal from that order. In it they described themselves "As officers of the Chicago Local Union No. 710 of the International Brotherhood of Teamsters, Chauffeurs, Stablemen and Helpers of America." Carmell joined in the notice of appeal.

Under the view taken, the evidence upon which the order was entered is immaterial, except insofar as it shows the manner of Carmell's employment and his connection with the litigation. The forty-seven local unions affiliated with the International Brotherhood of Teamsters named delegates to the joint council and these constituted the Joint Council No. 25. Each member of each local union paid a *per capita* tax to the support of the joint council. Carmell

had a contract with Joint Council No. 25, in which he was paid an annual retainer fee which was taken from the general funds of the council. He stated that the joint council told him to appear for the defendants. Plaintiffs claim that this disqualified Carmell from appearing against them in this case where they are seeking relief from those persons who are officials of one of the local unions that is a member of the joint council.

The order appealed from to the Appellate Court is as follows: "From all the evidence and under the pleadings and authorities, this court finds constrained to award the petitioners the relief sought and also finds and orders that Daniel D. Carmell to forthwith not appear in this proceeding in the future for either party, directly or indirectly. The ends of justice will be better served and its best ideals protected and fostered by said non-participation above ordered; and the respondents should have any other counsel they desire and should file substitution and withdrawal of counsel. It is ordered that the prayer of the petition be allowed."

Plaintiffs' motion to dismiss the appeal in the Appellate Court was overruled. It disposed of the case on the merits and gave consideration to the "juristic personalities" of Joint Council No. 25 and Local Union No. 710, and reversed the order of the trial court. (312 Ill. App. 225.)

After leave to appeal was granted, defendants filed a motion to dismiss the appeal on the ground that the order appealed from was interlocutory. In this connection defendants refer to paragraph 202 of the Civil Practice Act, which authorizes appeals from the trial court to the Appellate Court on matters pertaining to interlocutory orders on injunctions and appointment of receivers. The section declares the judgment of the Appellate Court shall be final. To bring their case within the statute, defendants contend the order expelling Carmell from the trial possessed the elements of restraint and the enjoining of action which, it

is said, makes it of the same character as an interlocutory order for injunction. The purpose of an interlocutory injunction is to preserve the rights of some one or more of the parties and continue the property and the rights therein *in statu quo* until the cause can be disposed of on the merits. The order prohibiting Carmell's appearance in the case as one of the attorneys for the defendants has no bearing on the merits of the litigation. The order appealed from was not of the character intended by the legislature to be covered by paragraph 202 of the statute. The motion to dismiss is denied.

Plaintiffs contend that since Carmell was not a party to the suit, he had no right to join in the notice of appeal. Any decree entered on the merits could not affect him, except as to his interests as an attorney for the defendants. Such an interest does not give the right of appeal. Prior to the enactment of the Civil Practice Act, one not a party to a suit had no right to appeal, (*People ex rel. Galloway* v. *Franklin County Building Ass'n,* 329 Ill. 582,) but a person not a party of record had a right to review by writ of error if he could show an interest in the judgment or decree to be reviewed. (*People ex rel. Yohnka* v. *Kennedy,* 367 Ill. 236.) Section 81 of the Civil Practice Act (Ill. Rev. Stat. 1941, chap. 110, par. 205,) provides that the right which a person not a party of record had prior to the adoption of the act for the review of a judgment or decree by a writ of error is preserved under the act, to be prosecuted by notice of appeal. The statute does not change the rule as to what the record must show to entitle a person not a party of record to a review of a judgment or decree. In *People ex rel. County of Peoria* v. *Harrigan,* 294 Ill. 171, it was held that in a writ of error proceeding prosecuted to review a judgment or decree by one not a party to the record, the interest of such party must appear in the record, or if it does not so appear, then it must be alleged in the assignment of errors. (*Gibler* v. *City of Mattoon,* 167

Ill. 18.) Applying that law to the present procedure it follows that where the party taking the appeal is not a party of record, the record must show his interest, or if it does not so appear, then he must make the interest upon which he relies to support his right to appeal appear in his points relied upon for reversal, which, under present practice, supplants the functions of the assignment of error. (*People* v. *Kennedy, supra.*) That interest must be such as to make it appear that he takes or loses something directly by the judgment or decree that he challenges. *White Brass Castings Co.* v. *Union Metal Manufacturing Co.* 232 Ill. 165; *Leland* v. *Leland,* 319 id. 426.

In this case, although Carmell had an interest in continuing as attorney for the defendants, that is not sufficient to support his appeal as one not a party to the record. It must have been an interest attached to the judgment or decree that is entered on the merits of the controversy. As is said in some of the cases, the writ of error (now appeal) must be prosecuted by a party or a person to the record, or by one who is injured by the judgment, or who will be benefited by its reversal, or is competent to release errors. (*Leland* v. *Leland, supra; People* v. *Harrigan, supra.*) It is obvious Carmell's interest does not meet that requirement.

In *Montgomery* v. *Dime Savings and Trust Co.* 290 Ill. 407, it was held that attorneys who filed a petition for allowance of fees in probate proceedings had no interest and were not competent to prosecute an appeal from an order striking their petition. The record here does not disclose an interest in Carmell in any decree that may be entered on the merits, sufficient to support his appeal.

We agree with plaintiffs' contention that the order expelling Carmell from appearing in the case as attorney for the defendants was not final and appealable. A judgment or decree is final and reviewable when it terminates the litigation on the merits of the case and determines the rights of the parties. (*People ex rel. Nelson* v. *Stony Island*

*State Savings Bank,* 355 Ill. 401; *Free* v. *Successful Merchant,* 342 id. 27.) One of the essential elements of finality of a decree is that if affirmed the only thing remaining to do is to proceed to its execution. (*McDonald* v. *Walsh,* 367 Ill. 529; *People* v. *Stony Island Savings Bank, supra.*) The order in question had no bearing on the rights of the defendants as to the matters involved in their litigation with the plaintiffs. They were not deprived of the right to be represented by an attorney, for the order made provision for the substitution of counsel of their own selection. The order appealed from was on a matter collateral to the main issue and not a final and appealable order. The Appellate Court was without jurisdiction to dispose of the matter on its merits and should have dismissed the appeal. Defendants having taken the appeal, where by law no appeal would lie, will not be permitted to recover costs but will be required to pay all costs occasioned by such appeal. *Chicago Portrait Co.* v. *Chicago Crayon Co.* 217 Ill. 200.

The judgment of the Appellate Court is reversed and the cause is remanded to that court with directions to dismiss the appeal at the costs of appellants in that court.

*Reversed and remanded, with directions.*