(No. 27268.— Nos. 27269, 27270.— 

THE PEOPLE *ex rel.* School District No. 88, Appellant, *vs.* EUGENE J. HOLLAND, Judge, *et al.,* Appellees.—SCHOOL DISTRICT No. 88, Appellant, *vs.* HOWARD S. IVIE, Appellee.—SCHOOL DISTRICT No. 88, Appellant, *vs.* CLARA DUNN *et al.,* Appellees.

*Opinion filed Sept. 21, 1943—Rehearing denied Nov. 12, 1943.*

THOMAS TIGHE, and CHARLES LIEBMAN, (RICHARD F. LOCKE, of counsel,) for appellant.

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JOSEPH BURKE, NEAL J. MCAULIFFE, and JOHN T. FITZGERALD, of counsel,) for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Causes numbered 27268, 27269 and 27270 have been consolidated for opinion. Case No. 27268 is an appeal from an order entered in the superior court of Cook county in a *mandamus* action. The other two are appeals from orders entered in actions at law in the municipal court of Chicago. In No. 27268 the relator, School District No. 88, of Cook county, prays that a writ of *mandamus* issue commanding Eugene J. Holland, a judge of the municipal court, to expunge certain orders entered by him in No. 27269 and No. 27270.

In *School District No. 88* v. *Kooper,* 380 Ill. 68, this court sustained the right of a common school district to maintain actions at law to recover its share of delinquent real estate taxes. After the opinion in said case was filed, School District No. 88 employed Thomas Tighe and Charles Liebman, attorneys at law, to represent it and institute suits for the recovery of delinquent taxes. There was a separate agreement of employment as to each particular property owner and said attorneys filed ten or more cases pursuant to such employment. While they were pending the State's Attorney of Cook county filed a motion in each of said cases praying that the names of Tighe and Liebman be stricken and that his appearance as attorney for the school district be noted. One of the cases in which such order was entered was *School District No. 88* v. *Howard S. Ivie,* which, in this court, is numbered 27269; another is *School District No. 88* v. *Clara Dunn et al.,* numbered 27270. On February 17, 1943, the *Ivie and Dunn cases* were called for trial and, no one appearing for the school district or the State's Attorney, said cases were dismissed for want of prosecution. On March 4, the school district filed a notice of appeal in each case. The following day the State's Attorney, in his official capacity but not as attorney for the school district, entered into a stipulation with the defendant taxpayer in

each case, whereby it was agreed that the order entered March 4, 1943, dismissing each of said cases should be vacated and that each case should be reassigned for trial. It appears that both of said cases are now docketed and pending in the municipal court.

After the entry of the foregoing orders, the school district, as relator in the name of the People, asked leave of this court to file an original *mandamus* action against Eugene J. Holland, a judge of the municipal court, and Thomas J. Courtney, State's Attorney of Cook county. Leave was denied and thereafter the school district as relator filed a petition for *mandamus* in the superior court of Cook county against the judge and the State's Attorney. Respondents moved to dismiss relator's petition on the grounds that the petition did not state a cause of action, that no breach of official duty by respondents was pleaded and that it did not show respondent Holland had exceeded his jurisdiction. The motion was sustained and the school district has appealed direct to this court on the ground that constitutional questions are involved.

The sole question in the *mandamus* action is as to the right and authority of the State's Attorney to appear as attorney for the school district to the exclusion of private attorneys whom the district had previously employed. At the same term that these causes were submitted consolidated cases numbered 27163 and 27169 were taken and the power and duties of the State's Attorney in reference to litigation instituted for the collection of delinquent taxes was considered and determined in an opinion filed at the present term. (*Ashton* v. *County of Cook, post,* p. 287.) The holding in those cases is controlling here and it is not necessary to engage in further discussion of the constitutional and statutory provisions pertaining to the powers and duties of the State's Attorney. We perceive of no reason why the State's Attorney of a county should not serve as attorney for a municipality that starts an action for the collection of delinquent taxes and at

the same time permit the municipal body that he represents to retain its position as a party litigant. ˙ Such procedure is decidedly in the interest of the public and is what the legislature evidently intended by the statutes enacted. The State's Attorney's power or authority to appear as an attorney in such matters arises out of a duty imposed upon him by statute and is a part of his official duty for which he receives his salary from public funds. The order entered in No. 27268, denying a writ of *mandamus*, was correct and is affirmed.

In each of the other cases a motion has been filed in this court to dismiss the appeal on the grounds that the order from which the appeal was taken is not final and appealable. The only matter presented in each of said cases is in reference to the order striking the name of Tighe and Liebman as attorneys for the school district and the appearance of the State's Attorney as the attorney for the school district.

In *Almon* v. *American Car Loading Corporation*, 380 Ill. 524, it was held that an order striking the name of an attorney was not final and appealable; that a final and reviewable judgment or decree is one which terminates the litigation on the merits of the case and determines the rights of the parties. It was there said: "One of the essential elements of finality of a decree is that if affirmed the only thing remaining to do is to proceed to its execution." The appeals in No. 27269 and No. 27270 are dismissed for want of a final, appealable order.

The constitutional questions which conferred jurisdiction on this court by direct appeal were disposed of in *Ashton* v. *County of Cook, post,* p. 287, but those ques-. tions had not been determined when the jurisdiction of this court attached in these cases, hence the reason for assuming jurisdiction in the instant cases.

*Judgment affirmed in No. 27268;*
*appeals dismissed in No. 27269 and No. 27270.*