AMERICAN ARCHIVES' COUNSEL (In re Estate of Dorsey K. Offutt, Deceased), Appellants,

v.

Virginia L. BITTENBENDER, Administratrix of the Estate of Dorsey K. Offutt, Appellee.

No. 8874.

District of Columbia Court of Appeals.

Argued April 15, 1975.

Decided Oct. 7, 1975.

Jeremiah C. Collins, Washington, D.C., with whom Francis X. Grossi, Jr. and Dayton M. Harrington, Washington, D.C., were on the brief, for appellants.

E. William Henry, Washington, D.C., with whom David G. Bress and Louis Ginberg, Washington, D.C., were on the brief, for appellee.

Before REILLY, Chief Judge, and KERN and HARRIS, Associate Judges.

REILLY, Chief Judge:

This is an appeal filed by counsel for the American Archives Association, a Delaware corporation engaged in the business of finding heirs, from an order of the Probate Division of the Superior Court striking their appearances as counsel for certain individual plaintiffs and instructing them to desist from providing advice and support to such persons in connection with the prosecution of their claims.[1]  The issue presented is a novel one as it raises a question of the construction of Rule 16 of the Probate Rules of the Superior Court to which jurisdiction over probate matters was recently transferred from the United States District Court by D.C.Code 1973, § 11–921(a)(5)(B).

The defendant in this case is the administratrix of the Estate of Dorsey K. Offutt, a resident of this city, who died intestate on February 17, 1971, leaving assets subsequently appraised at $167,415.26.  On the date of her appointment, April 21, 1971, the District Court had probate jurisdiction.  Her uncontested petition set forth that she was a maternal first cousin of the deceased and his only heir and next of kin.

About 13 months later—before the submission of any final account and distribution—a complaint was filed against the administratrix by the Association as assignee of five persons (referred to in subsequent proceedings and in this opinion as the "individual plaintiffs") purporting to be first cousins of the intestate on his paternal side and consequently entitled to have been named in the petition along with the administratrix as heirs and next of kin.[2]  Filed with the pleadings were documents executed by the claimants assigning one-

---

1. A cross-appeal from the challenged order, noted by the Administratrix and docketed here as No. 8875, was dismissed by this court pursuant to an uncontested motion.

2. The Association subsequently moved to amend the complaint to include an additional assignor described as another first cousin. By leave of court, this motion to amend was granted, the amended complaint making it clear that the Association as assignee was suing as party plaintiff.

third of whatever interest each one had in the estate to the Association, but disclaiming any liability for expenses incurred by the Association "in procuring proof of [the] relationship or any other expenses whatsoever".

The administratrix answered, denying the asserted relationship to the decedent of the purported heirs, and thereafter moved to dismiss on the grounds that the assignments constituted champertous activity. The court denied this motion but without prejudice to its being renewed.

An appearance was then entered by another lawyer, not an appellant here, on behalf of the individual purported heirs. On a renewal of the motion the court did dismiss, ruling that the Association was not a proper party to the action, and suggested that an amended complaint be filed naming the purported heirs as plaintiffs. In a later order denying a motion to reconsider this dismissal the District Court did permit, in response to a motion for instructions, the Association to "aid in the preparation and presentation of this litigation." No appeal was taken by American Archives from the order dismissing it as a party plaintiff.

It was in this incomplete posture that the case was transferred to the Superior Court in accordance with subparagraph (B) of § 11–921(a)(5), *supra*. An amended complaint was filed which for the first time named as plaintiffs the persons claiming as individual heirs. Such complaint designated as counsel for the plaintiffs the lawyer who had previously entered an appearance for them. In a later amended complaint, the appellants were also listed as "of counsel" to the individual plaintiffs even though the Association for whom they had originally appeared was no longer a party.

This "of counsel" appearance by the appellants was stricken by order of the Superior Court. Appellants thereupon entered an appearance on behalf of the individual plaintiffs but filed a motion for instructions from the court on the propriety of such appearance while continuing to represent the assignee Association. The court issued an order directing that these appearances be stricken and instructing appellants to cease providing "counsel, advice, and support" to the individual plaintiffs or to their counsel. The order, as amended, noted that the Association had been dismissed as a party plaintiff in the District Court.

It is this order which is challenged on appeal, appellants contending that the dismissal of their client (the Association) as a party should not act as a bar to their participation as co-counsel to the plaintiffs in the trial. They argue that representation by them of the plaintiffs and the Association presents no conflict of interest as both have the same objective, *viz,* establishing as fact in the trial of the case that testate. They also urge us to hold that the the plaintiffs are genuine heirs of the in- assignment of a portion of the claims to the Association was valid and enforceable.

In support of their contention that the order disqualifying them was error, appellants point out that the trial court was aware that the principal counsel for the plaintiffs was willing to have appellants participate as co-counsel—the understanding being that appellants' fees would be paid by the Association. But the plaintiffs did not appeal the challenged order. Thus, we are confronted with the question of whether appellants, not representing any person currently a party to this action, have any standing in this court.

Prior to oral argument, the administratrix raised this point on a motion to dismiss the appeal. This motion was taken under advisement until the court had an opportunity to hear the entire matter. Dismissal was also sought on the ground that the pretrial order of disqualification was not appealable as a final order within the contemplation of D.C.Code 1973, § 11–721(a)(1), for it did not terminate the action. Both grounds for this motion present substantial jurisdictional questions which

were briefed by both sides. Accordingly, we shall dispose of these issues before commenting on the merits.

Federal appellate courts are in conflict on the question of whether trial court rulings on motions to disqualify counsel are appealable. In *Cord v. Smith,* 338 F.2d 516 (9th Cir. 1964), *Marco v. Dulles,* 268 F.2d 192 (2d Cir. 1959), and *Fleischer v. Phillips,* 264 F.2d 515 (2d Cir.), *cert. denied,* 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed. 2d 1030 (1959), where motions to disqualify were overruled, it was held by the respective circuits that the orders denying such motions were nonappealable, but another circuit disagreed, *Tomlinson v. Florida Iron and Metal, Inc.,* 291 F.2d 333 (5th Cir. 1961). We came to the same conclusion as the Fifth Circuit in *Borden v. Borden,* D.C.App., 277 A.2d 89, 90 (1971), where Judge Kern observed:

> We think that the administration of justice would best be served by recognizing the cloud which the order of appointment of counsel has put upon the present proceedings and by treating the order as final for the purpose of review. (Citations omitted.)

■ Thus, in the case before us, where the order was one of disqualification rather than refusal to disqualify, we deem the *Borden* case controlling and hold the challenged order appealable. As such, this situation, like rulings on *forum non conveniens, Frost v. People's Drug Store, Inc.,* D.C.App., 327 A.2d 810 (1974), falls into that category of pretrial orders recognized as appealable by the Supreme Court in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), where, in considering the rejection of a motion requiring a plaintiff to post a bond for the expenses of the litigation, the Court said:

> This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The Court has long given this provision of the statute this practical rather than a technical construction. [Reference is to 28 U.S.C. 1291.]

> We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it. [337 U.S. at 546–47, 69 S.Ct. at 1225, citations omitted.]

■ Because an order is appealable, however, it does not necessarily follow that a nonparty may appeal it. *United States v. Seigel,* 83 U.S.App.D.C. 88, 168 F.2d 143 (1948). The wording of D.C.Code 1973, § 11–721(b), governing appeals to this court as a matter of right is virtually the same as the applicable section of the prior D.C. Code constructed in *Seigel,* subsection (b) providing:

> Except as provided in subsection (c) of this section, a *party* aggrieved by an order or judgment specified in subsection (a) of this section, may appeal therefrom as of right to the District of Columbia Court of Appeals. (Emphasis supplied.)

Moreover, our own Rule 4 II(a)(1) dealing with notices of appeal also refers to parties.

■ The general view regarding appeals by counsel is that they have no standing independently to appeal an order or judgment entered against their client. *See* Annot., 91 A.L.R.2d 618. It has been held that even a contingent fee contract does not give an attorney a sufficient interest to take an appeal on his own. *See First Iowa Hydro Elec. Coop. v. Iowa-Illinois Gas & E. Co.,* 245 F.2d 630 (8th Cir. 1957).

In *Ratner v. Bakery and Confectionery Workers International Union,* 129 U.S.

App.D.C. 305, 394 F.2d 780 (1968), counsel for a union sought to reopen litigation which had been terminated by settlement and voluntary dismissal, claiming supplementary fees and expenses. The District Court denied the motion and the Circuit Court affirmed on the ground that the movants were not parties to the cause of action in which the judgment was entered.

A decision by the Supreme Court of Illinois, *Almon v. American Carloading Corporation,* 380 Ill. 524, 44 N.E.2d 592 (1942), appears to be directly in point as it, like the case before us, dealt with a trial judge's order disqualifying defendants' counsel on the ground of a seeming conflict of interest. The defendants took an appeal from this order and the aggrieved lawyer (a Mr. Carmell) joined in the appeal. The Illinois court did not pass on the merits of the disqualification, holding that Carmell lacked standing to join in the appeal. With respect to the issue of standing, the court said:

> Plaintiffs contend that since Carmell was not a party to the suit, he had no right to join in the notice of appeal. Any decree entered on the merits could not affect him, except as to his interests as an attorney for the defendants. Such an interest does not give the right of appeal. . . .

> \*　\*　\*　\*　\*　\*

> In this case, although Carmell had an interest in continuing as attorney for the defendants, that is not sufficient to support his appeal as one not a party to the record. It must have been an interest attached to the judgment or decree that is entered on the merits of the controversy. As is said in some of the cases, the writ of error (now appeal) must be

prosecuted by a party or a person to the record, or by one who is injured by the judgment, or who will be benefited by its reversal, or is competent to release errors. . . . [*Almon v. American Carloading Corp., supra* at 595–96.]

In our opinion, the *Almon* holding is supported by reason and authority on the question of the standing of counsel to appeal their disqualification. Our *Borden* decision, *supra,* relied upon by appellants, did not deal with the question of standing, for the appeal there was brought by the plaintiff. Here, the plaintiff-claimants neither initiated the motion for instructions —which resulted in the disqualification order—nor appealed from such order to this court. We recognize that there are some exceptions [3] to the rule denying trial counsel a right to appeal independently of the party they represent, but unless there is something in Probate Rule 16 which establishes another exception the motion to dismiss the appeal for lack of standing must be granted.

The rule in question was patterned upon Rule 50 of the United States District Court Probate Rules which, in turn, was adopted after a decision of the United States Court of Appeals for this circuit, *Sullivan v. Committee on Admissions & Grievances,* 130 U.S.App.D.C. 14, 395 F.2d 954 (1968), a disciplinary proceeding initiated because of a supposed conflict of interest between another lawyer for the heir-finders association and the claiming heirs. Super.Ct. Prob.R. 16 provides:

> When a party who claims to have a right to share as an heir or legatee ·of a deceased person assigns all or part of such right, the assignee shall promptly file the assignment in the administration

---

3. One of these exceptions noted in *Fleischer v. Phillips, supra* at 517, refers to an order granting disqualification as one that "seriously disrupts the progress of the litigation and decisively sullies the reputation of the affected attorney." Neither factor is present in this case, as the parties are still represented by their original trial counsel, and the challenged ruling contains no hint of anything reflecting adversely on the honor of appellants, for the trial court found that they properly sought instructions before proceeding further.

proceeding. Any further proceedings to protect or enforce the assignment, or any claim based thereon, shall be prosecuted or presented in the name of the assignee and not in the name of the assignor. . . . Unless approved by order of this court, counsel for the assignee shall not appear for or represent the assignor.

Appellants point out that their client, the Archives Association, complied with this rule by filing the assignments in court with the original complaint and by commencing suit in its own name. They contend that because the rule contemplates the possible representation by the same counsel for assignee and assignor it was an abuse of discretion for the trial court to deny its requisite approval.

In explaining why the court was in error, they say the asserted conflict of interest upon which the disqualification order was based rested upon the assumption that the assignments were void because champertous. They then go on at some length to distinguish the assignments procured by the Association here from the cases in which the activities of heir-finding organizations were deemed champertous.[4]

The text of the challenged order,[5] however, discloses that the court's disposition of the matter was not grounded upon an "assumption" but upon the prior order of the District Court dismissing Archives

as party-plaintiff and the fact that the time for appealing from such order had expired. It is true that appellants do not concede that the order of the District Court was res judicata, but we think that the principles of appealability noted here were *a fortiori* applicable to such order. Thus the only way of raising the issues which appellants would like us now to consider was by timely appeal at that juncture by the very party adversely affected by the ruling denying it status as party-plaintiff.

We note that appellants in their brief argue that the assignments were valid and enforceable and candidly state that one reason for their proposed representation of the plaintiffs was founded upon the Association's "direct and substantial interest in the outcome of the litigation." Their brief also says that "the appeal is brought . . . by counsel for American Archives in their individual capacity and as representatives of American Archives on the question of whether American Archives is entitled to participate in the proceedings below through its counsel."

These statements reveal that the primary objective of the appellants is to represent a party who, under the law of the case, is no longer a party. In our opinion, the final sentence of Rule 16 was not intended to confer standing on appeal under such circumstances.

*Appeal dismissed.*

---

4. Even prior to the *Sullivan* case, challenges to organizations like Archives, which are in the business of discovering claimants to shares of an intestate estate and enforcing such claims as partial assignees, have been made in probate courts of this jurisdiction and elsewhere on grounds of maintenance and champerty or unauthorized practice of law, *e.g.*, *Merlaud v. National Metropolitan Bank*, 65 App.D.C. 385, 84 F.2d 238, *cert. denied*, 299 U.S. 584 (1936); *In Re Butler's Estate*, 29 Cal.2d 644, 177 P.2d 16 (1947); *In Re Lynch's Estate*, 154 Misc. 260, 276 N.Y.S.

939 (1935); *Casserleigh v. Wood*, 119 F. 308 (8th Cir. 1902).

Despite what seems to have been a departure from traditional standards in *N.A.A.C.P. v. Button*, 371 U.S. 415, 83 S.Ct. 328, 9 L.Ed. 2d 405 (1963), and *Bhd. of R.R. Trainmen v. Virginia*, 377 U.S. 1, 84 S.Ct. 1113, 12 L. Ed.2d 89 (1964), these concepts have not been completely discarded by this court. *See J. H. Marshall & Associates, Inc. v. Burleson*, D.C.App., 313 A.2d 587 (1973).

5. Order of July 29, 1974, as amended October 29, 1974.