CHICAGO TITLE AND TRUST COMPANY, Trustee, *et al.*, Plaintiffs and Counterdefendants-Appellees, *v.* GUARANTY BANK AND TRUST CO., Trustee, *et al.*, Defendants and Counterplaintiffs-Appellants.—(A.L. SMITH FOOD DISTRIBUTORS, INC., Intervening Petitioner-Appellee.)

First District (4th Division)   No. 76-1547

Opinion filed April 20, 1978.

Michael F. Harvey, of Chicago, for appellants.

Samuel S. Siegel, of Chicago, for appellees.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The defendants-counterplaintiffs appeal in this case from an order of the trial court striking the appearance of their attorney on the motion of the appellee because of an alleged conflict of interest. We find that

although the trial court pursuant to Supreme Court Rule 304(a) (Ill. Rev. Stat. 1975, ch. 110A, par. 304(a)) found there to be no just cause for delaying appeal, we have no jurisdiction and dismiss the appeal.

Initially the defendants were sued by Chicago Title and Trust Company, which is no longer a party to the action. Some two years after the initial proceedings were commenced, the appellee was permitted to intervene. It filed a claim against the defendants. Several months later the defendants counterclaimed against it. The intervenor then filed a motion seeking to have the appearance of Harvey as attorney for the defendants stricken as to the intervenor only on the grounds he had some years before represented the intervenor. Harvey had been representing the appellants from the time this litigation was commenced two years before the appellee intervened. The court struck the appearance. It also found pursuant to Supreme Court Rule 304(a) that there was no just reason to delay the appeal.

■■■ As the appellants concede, it was early established in Illinois that an order striking the appearance of an attorney pertains merely to a matter collateral to the main issue and is not a final and appealable order. (*Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 44 N.E.2d 592.) The defendants argue, however, that *Almon* is inapplicable here because it was decided before Supreme Court Rule 304(a) (originally section 50(2) of the Illinois Civil Practice Act) was adopted in 1955. The defendants contend that since the trial court entered the required finding, this court has jurisdiction under Rule 304(a) to hear this appeal. Supreme Court Rule 304(a) reads as follows:

> "If multiple parties or multiple claims for relief are involved in an action, an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims only if the trial court has made an express written finding that there is no just reason for delaying enforcement or appeal. Such a finding may be made at the time of the entry of the judgment or thereafter on the court's own motion or on motion of any party. The time for filing the notice of appeal shall run from the entry of the required finding. In the absence of such a finding, any judgment that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before the entry of a judgment adjudicating all the claims, rights, and liabilities of all the parties."

It is clear from the rule itself and from the cases construing it, that the rule does not make a nonfinal order appealable; rather it merely makes certain final orders appealable under certain circumstances. (Ill. Ann. Stat., ch. 110A, par. 304, Committee Comments, at 585 (Smith-Hurd 1968).) An

order which is not final still is not appealable. This is true even if the trial court enters a finding that there is no just reason for delay. The trial court's finding can make a final order appealable but it cannot make a non-final order final and thus appealable. (*Coble v. Chicago Health Club, Inc.* (1977), 53 Ill. App. 3d 1019, 369 N.E.2d 188; *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053, 360 N.E.2d 458.) And since *Almon* expressly ruled that an order striking the appearance of an attorney was not a final order, such an order cannot be appealable under Rule 304(a).

Moreover, it seems clear that the situation here does not fall within the scope of Rule 304(a). Rule 304(a) only applies when more than one claim for relief is involved or when multiple parties are involved, and a judgment is entered as to one or more but fewer than all of the claims or parties. While multiple claims may have been involved in this case, the order here did not purport to determine any of the claims being litigated. Likewise, the order did not purport to determine finally the rights of any of the parties to the action. It did determine the rights of the attorney when it struck his appearance, but the attorney is not a party to the action. (*Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 44 N.E.2d 592.) This matter is merely a collateral matter, (*Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 44 N.E.2d 592), and as ruled in *Swanson v. American Consumer Industries, Inc.* (7th Cir. 1975), 517 F.2d 555, construing Rule 54(b) of the Federal Rules of Civil Procedure from which our rule was derived, a collateral order cannot be certified under this rule.

While the appellants have cited to this court no case which has found jurisdiction under a statute or rule similar to Supreme Court Rule 304(a) and this court in its own research has found none, we are aware that several federal courts have found such orders reviewable. (For example, *Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp* (2d Cir. 1974), 496 F.2d 800; *Cord v. Smith* (9th Cir. 1964), 338 F.2d 516 (reviewable as a petition under the All Writs Act, 28 U.S.C. §1651); *Tomlinson v. Florida Iron & Metal, Inc.* (5th Cir. 1961), 291 F.2d 333.) Were we writing on a clean slate we would find persuasive the reasoning of *Silver Chrysler*, quoting at pages 805, 806 from *Cohen v. Beneficial Industrial Loan Corp.* (1949), 337 U.S. 541, 93 L. Ed. 1528, 69 S. Ct. 1221:

> "We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it."

After all, both the attorney and his client are injured by a court's ruling that the attorney cannot represent the particular client. The attorney loses his fee (at least that part which has not been earned) and the client loses his right to be represented by the attorney he has chosen, an attorney who may have a particular expertise in the area involved. Indeed, the injury is particularly obvious and extreme in the present case where the motion to

strike the attorney's appearance came only after he had been representing his client in the present litigation for nearly three years. His familiarity with the client's business, and the experience accumulated during the litigation are irreplaceable. The client has paid for this and he should be able to benefit from it absent some justifiable reason for depriving the client of counsel he has chosen. Obviously, both the client and his attorney are left without any effective remedy unless an immediate review is allowed, for an appeal would be meaningless if consideration of the issue is delayed until an appeal is had on the merits of the entire controversy.

■■ Unfortunately, however, we are not writing on a clean slate. The supreme court in *Almon* clearly and expressly ruled that such an order was not appealable since it was collateral. And, as this court recently pointed out in *Panico v. Robinson* (1974), 23 Ill. App. 3d 848, 320 N.E.2d 101, this court is duty bound to follow the Illinois Supreme Court's decisions. It is beyond the power and authority of this court to overrule the Illinois Supreme Court's decision in *Almon*.

> "Where the Supreme Court has declared the law on any point, it alone can overrule and modify its previous opinion, and the lower judicial tribunals are bound by such decision and it is the duty of such lower tribunals to follow such decision in similar cases."

*Agricultural Transportation Association v. Carpentier* (1953), 2 Ill. 2d 19, 27, 116 N.E.2d 863, 867; *Panico v. Robinson* (1974), 23 Ill. App. 3d 848, 858, 320 N.E.2d 101, 107.

■■ We are persuaded, however, that given the proper case our supreme court well might reassess its 1942 position in *Almon* and rule that such decisions and orders are appealable. The case at bar is not such a case because, even if we had jurisdiction to consider the appeal, we would not be in a position to review the merits since the appellant has failed to provide us with a record of the evidence and arguments before the trial court. Since the record fails to show the evidence considered by the trial judge in making his decision, we must presume the evidence was sufficient to sustain its ruling. *Skaggs v. Junis* (1963), 28 Ill. 2d 199, 190 N.E.2d 731; 2 Ill. L. & Prac. *Appeal & Error* §714 (1953).

Accordingly, the appeal from the trial court's order striking the appearance of attorney Michael F. Harvey is dismissed.

Appeal dismissed.

JOHNSON, P. J., and DIERINGER, J., concur.