JUANA MATSUNAGA, Plaintiff-Appellee, v. FREDERICKA BASS WORRELL, a/k/a The Estate of Fredericka Bass Worrell, Defendant-Appellant (Richard K. Hikawa, Defendant-Appellee; Lawrence E. Smith, Jr., Defendant).

First District (4th Division) Nos. 87—0013, 87—0071 cons.

Opinion filed April 28, 1988.

Vernon M. Rhinehart, of Chicago, for appellant.

William S. Wigoda, of Horvath & Wigoda, of Chicago, for appellee Richard K. Hikawa.

Mary E. Gentile, of Chicago, for appellee Juana Matsunaga.

JUSTICE McMORROW delivered the opinion of the court:

The estate of Fredericka Bass Worrell appeals from orders of the circuit court of Cook County that disqualified its attorney, Vernon Rhinehart, from representing the estate in two interrelated actions currently pending in the circuit court. We do not reach the merits of the appeals, however, because they must be dismissed for lack of appellate jurisdiction.

■■ The Illinois Supreme Court has held that a trial court's allowance of a motion to disqualify an attorney who represents one of the parties is not a final order. As a result, no appeal from a disqualification order may be taken prior to disposition of the litigants' substantive claims. Because the disqualification order is not a final one, the trial court's recitation that there is no just reason to delay enforcement or appeal (107 Ill. 2d R. 304(a)) does not render the order appealable. (See *People ex rel. Woll v. Graber* (1946), 394 Ill. 362, 68 N.E.2d 750; *People ex rel. School District No. 88 v. Holland* (1943), 384 Ill. 277, 51 N.E.2d 266; *Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 44 N.E.2d 592.) Although the contrary conclusion was recently reached in *Leckrone v. City of Salem* (1987), 152 Ill. App. 3d 126, 503 N.E.2d 1093, we adopt the analysis of the court in *National Wrecking Co. v. Midwest Terminal Corp.* (1987), 164 Ill. App. 3d 621, 518 N.E.2d 193, which adheres to the holding of the Illinois Supreme Court in *Almon*. See also *Leib v. Toulin, Inc.* (1983), 113 Ill. App. 3d 707, 447 N.E.2d 900; *Chicago Title & Trust Co. v.*

*Guaranty Bank & Trust Co.* (1978), 59 Ill. App. 3d 362, 375 N.E.2d 522; *cf. Richardson-Merrell, Inc. v. Koller* (1985), 472 U.S. 424, 86 L. Ed. 2d 340, 105 S. Ct. 2757 (holding that disqualification orders do not fall in the "collateral order" exception).

■ Since no Illinois Supreme Court Rule specifically permits interlocutory appeal from a trial court's disqualification of a litigant's attorney (see 107 Ill. 2d Rules 301 through 311) and Illinois Supreme Court case law confirms that an attorney disqualification order is not final and appealable, we conclude that the appeals of the Worrell estate seek premature review and must be dismissed for lack of appellate jurisdiction.

For the reasons stated, the appeals from the orders of the circuit court of Cook County are dismissed for lack of appellate jurisdiction.

Dismissed.

JIGANTI, P.J., and LINN, J., concur.