TRANSAMERICA INSURANCE COMPANY, Plaintiff, v. JAMES R. VASSILOS, Defendant-Appellant (American National Bank & Trust Company of Chicago, Citation-Respondent; Teller, Levit & Silvertrust, P.C., Appellant).

First District (3rd Division)   Nos. 1—88—1791, 1—88—1793, 1—88—1794 cons.

Opinion filed March 29, 1989.

Collins & Bertelle, of Chicago, for appellant.

No brief filed for appellee.

PRESIDING JUSTICE FREEMAN delivered the opinion of the court:

Appellant, the law firm of Teller, Levit & Silvertrust, P.C., appeals three orders of the circuit court of Cook County removing it as the attorney of three different plaintiffs in three different actions against three different defendants. In the first action, No. 87—M1—153427, appellant obtained the issuance of a garnishment summons to the American National Bank & Trust Company of Chicago (ANB) as garnishee. In the second action, No. 87—M1—149707, appellant obtained the issuance of a citation to discover assets of the defendant in the possession of ANB as land trustee. In the third action, No. 87—M1—169488, appellant obtained the issuance of a citation to discover assets, specifically, funds, of the defendant, in the possession of ANB.

The trial court before which all three actions were heard *sua sponte* removed appellant as the plaintiff's attorney after finding appellant chargeable with a conflict of interest in violation of Canons 4 and 9 of the Code of Professional Responsibility (107 Ill. 2d Canons 4, 9) in that appellant had regularly appeared and represented ANB in garnishment and citation proceedings before the court. The trial court subsequently denied appellant's motions to vacate its prior orders. In so doing, the trial court found that there was no just reason to delay enforcement or appeal of the denial orders. This finding was obviously made to allow appeals of the orders under Supreme Court Rule 304(a), providing for appeals from final judgments as to less than all the parties or claims in multiple party or multiple claim actions. 107 Ill. 2d R. 304(a).

We cannot reach the merits of appellant's claim that the trial court erred in removing it as plaintiff's counsel in each of the three actions involved. In asserting the appealability of those orders, appellant relies on *Leckrone v. City of Salem* (1987), 152 Ill. App. 3d 126, 503 N.E.2d 1093, and the rule in Federal courts (see, *e.g., Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corp.* (2d Cir. 1974), 496 F.2d 800; *Schloetter v. Railoc of Indiana, Inc.* (7th Cir. 1976), 546 F.2d 706).

■ *Leckrone* held that an order on a motion to disqualify an at-

torney for a party to the action was final and appealable under Supreme Court Rule 301 (107 Ill. 2d R. 301). Because the movant had not appealed the order denying the motion within 30 days of its entry, the court concluded that the issue had been waived. (*Leckrone,* 152 Ill. App. 3d at 131-33.) Notwithstanding *Leckrone,* the rule in Illinois is that an attorney disqualification order is neither an interlocutory order appealable before a final judgment in the case nor a final order appealable independently of such final judgment by one other than the party represented by the disqualified attorney.

In *Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 44 N.E.2d 592, the supreme court held that a trial court's order removing an attorney was not in the nature of an appealable interlocutory order under section 78 of the Civil Practice Act (Ill. Rev. Stat. 1941, ch. 110, par. 202) on a petition for an injunction or the appointment of a receiver. It further held that the disqualified attorney's interest in continued representation of the defendants was insufficient to support his right to appeal the trial court's order as one not a party to the record. Rather, the court stated, only an interest attached to the judgment or decree entered on the merits of the case would support a right to appeal. Finally, the court stated that the order removing defendants' attorney was not final and appealable. In so concluding, the court noted that the order had no bearing on the defendants' rights as to the matters involved in the litigation, that defendants were not deprived of the right to be represented by counsel and the order involved a matter collateral to the main issue in the case. As such, the court ruled that the appellate court had no jurisdiction to dispose of the appeal on its merits. *Almon,* 380 Ill. at 528-31.

In *National Wrecking Co. v. Midwest Terminal Corp.* (1987), 164 Ill. App. 3d 621, 518 N.E.2d 193, this court recognized the continuing validity of *Almon* to dismiss an appeal by the defendant and its attorney from an interlocutory order disqualifying the attorney from representing the defendant. In so doing, we distinguished *Lavaja v. Carter* (1987), 153 Ill. App. 3d 317, 505 N.E.2d 694, and *Hannan v. Watt* (1986), 147 Ill. App. 3d 456, 497 N.E.2d 1307, upon which the appellants relied. We noted that *Lavaja* involved an appeal of a disqualification order within the context of an appeal of a default judgment. In *Hannan,* pilots for one airline sought to enjoin the defendants, two attorneys and their law firm, from representing pilots of another airline in union proceedings resulting from the merger of the two airlines. We noted that the plaintiffs in *Hannan* had appealed from a final order denying their petition for injunctive relief. Finally, we noted that *Leckrone* was contrary to the rule in *Almon* and thus without

proper authority. *National Wrecking Co.,* 164 Ill. App. 3d at 623-25.

In *Matsunaga v. Worrell* (1988), 169 Ill. App. 3d 681, 523 N.E.2d 1042, the court dismissed appeals from disqualification orders in two related actions pending in the circuit court. In doing so, the court noted that, because a disqualification order is not a final order, no appeal may be taken therefrom prior to the disposition of the litigants' substantive claims. It also held that, because it was not a final order, the inclusion of a finding that there was no just reason to delay enforcement or appeal pursuant to Supreme Court Rule 304(a) did not make the order appealable. Finally, the court noted that no supreme court rule specifically permits an interlocutory appeal from a disqualification order. *Matsunaga,* 169 Ill. App. 3d at 682-83.

■■ ■ This case differs from *National Wrecking Co.* and *Matsunaga* in that final judgments have been entered in each of the cases in which the trial court disqualified appellant as plaintiff's counsel. However, appellant has no more right to appeal from those orders than the appellants in *National Wrecking Co.* and *Matsunaga.* Whether or not a trial court has entered a final judgment disposing of a case on its merits, under *Almon,* an attorney has an insufficient interest in his representation of a party to the case to entitle him to appeal an order disqualifying him from representing the party. Rather, under *Almon,* the right to appeal such an order belongs to the party the attorney represented, who must raise the issue in an appeal from the disposition on the merits. No plaintiff in any of the three actions in which appellant was removed as counsel has appealed the final judgment in those actions. For that reason and because the order appealed from is neither an appealable interlocutory order nor an independently final, and thus appealable, order, we are without jurisdiction to entertain the instant appeals.

For all of the foregoing reasons, we dismiss the appeals from the three orders of the circuit court removing appellant as plaintiff's counsel in the three actions involved.

Appeal dismissed.

McNAMARA and WHITE, JJ., concur.