SUSAN M. FERGUSON AND MICHAEL D. FERGUSON, PLAINTIFFS v. DDP PHARMACY, INC., MAURICE LYNCH, PENNY ROSE, AND DEBBIE LYLES, DEFENDANTS

No. COA05-204

(Filed 15 November 2005)

**1. Appeal and Error— appealability—motion to disqualify counsel**

An order granting a motion to disqualify counsel is immediately appealable.

**2. Attorneys— disqualification as counsel—discretion of judge**

The decision to disqualify counsel is discretionary with the trial judge and is not generally reviewable, absent abuse of discretion.

**3. Attorneys— disqualification of firm—conflict of interest**

The trial court did not abuse its discretion by disqualifying counsel under the North Carolina Rules of Professional Conduct where one partner in a firm represented plaintiff in a criminal matter involving forged prescriptions, and another partner in the same firm attempted to represent defendant in a civil action by plaintiff alleging malicious prosecution and other claims. Rules of Professional Conduct 1.9 and 1.10.

FERGUSON v. DDP PHARM., INC.

[174 N.C. App. 532 (2005)]

Appeal by defendant DDP Pharmacy, Inc. from order entered 17 November 2004 by Judge Quentin T. Sumner in Halifax County Superior Court. Heard in the Court of Appeals 19 October 2005.

> *Poyner & Spruill L.L.P., by J. Nicholas Ellis, for plaintiffs-appellees.*

> *Chichester & Walker, PC, by Gilbert Chichester and Haywood, Denny & Miller, L.L.P., by John R. Kincaid, for defendant-appellant.*

> *No brief filed for defendants-appellees Maurice Lynch, Penny Rose, and Debbie Lyles.*

TYSON, Judge.

DDP Pharmacy, Inc. ("defendant") appeals from order entered disqualifying attorney Gilbert W. Chichester ("Chichester") from serving as attorney for defendant. We affirm.

## I. Background

Pharmacy technicians, Debbie Lyles and Penny Rose, were working in the Roanoke Rapids Drugco Pharmacy when an individual came in and attempted to pick up a prescription for Oxycontin, a Schedule II controlled substance under the North Carolina Controlled Substances Act. N.C. Gen. Stat. § 90-113.3 (2003). The individual left without being detained or questioned. The employees called the police. One of the employees identified the individual who came into the store as Susan M. Ferguson ("plaintiff").

Following the employee's identification of plaintiff as the suspect, Detective W.F. Bowens ("Detective Bowens") of the Roanoke Rapids Police Department contacted plaintiff on 4 February 2002. Plaintiff agreed to meet at the police department with Detective Bowens, who informed her that a Drugco employee had identified her as the individual who attempted to pick up a forged prescription for Oxycontin. Plaintiff denied any involvement and was not immediately charged with any crime following her meeting with Detective Bowens.

On 5 February 2002, plaintiff contacted attorney Turner Stephenson ("Stephenson"), a partner with Chichester, Walker & Stephenson. Plaintiff told Stephenson a Drugco employee had identified her as the suspect who had attempted to pickup a forged prescription. Stephenson advised plaintiff to avoid further contact with

FERGUSON v. DDP PHARM., INC.

[174 N.C. App. 532 (2005)]

the Roanoke Rapids Police Department. Stephenson told plaintiff he would contact Police Captain Moody and inform him plaintiff was consulting with Stephenson and that she would have no further contact with the department. Stephenson also advised plaintiff that he would request that no additional action be taken by the Roanoke Rapids Police Department against plaintiff.

Plaintiff met with Stephenson at his office on 8 February 2002. At that meeting, Stephenson informed plaintiff that one of his law partners was representing Donna Rogers who had been criminally charged in connection with the same incident regarding a forged prescription. Stephenson advised plaintiff he could not further represent her. Stephenson is no longer a partner with Chichester, Walker & Stephenson.

On 28 February 2002, plaintiff was charged with attempting to obtain a controlled substance by means of forgery or fraud. Plaintiff was taken into custody, photographed, and fingerprinted.

In July 2002, at the criminal trial, none of the Drugco employees identified plaintiff as the individual who attempted to pickup the prescription on 26 January 2002. The State voluntarily dismissed all charges against plaintiff on 8 July 2002.

On 3 May 2003, plaintiff and Michael M. Ferguson (collectively, "plaintiffs") filed a complaint in Halifax County Superior Court against defendant and several of its employees. Plaintiffs asserted causes of action for malicious prosecution, intentional or reckless infliction of emotional distress, slander, negligence, punitive damages, and loss of consortium.

Plaintiffs filed a notice of voluntary dismissal regarding defendants: Drugco Discount Pharmacy, David Smith, Steve Bass, Gene Minton Consulting Service Inc., and GWM, Inc. On 5 December 2003, defendants filed a motion for summary judgment. The trial court granted summary judgment for defendants Gene W. Minton and Sybil Minton concerning all of plaintiffs' claims and for all defendants regarding plaintiffs' claim for slander.

On 30 September 2004, Chichester served a notice of appearance on behalf of defendant. On 15 October 2004, plaintiffs moved to disqualify Chichester because of his firm's prior representation of plaintiff in a related matter. The trial court granted plaintiffs' motion to disqualify Chichester on 17 November 2004. Defendant appeals.

FERGUSON v. DDP PHARM., INC.

[174 N.C. App. 532 (2005)]

## II. Issues

Defendant argues the trial court erred by entering an order disqualifying Chichester as defendant's attorney on the grounds that: (a) there was no prior representation of plaintiff by Chichester's firm; (b) Chichester and his firm acquired no protected or material information about plaintiff; (c) there is no conflict of interest sufficient to require Chichester's disqualification as a matter of law; and (d) the court's ruling was otherwise contrary to the provisions of the Rules of Professional Conduct.

## III. Interlocutory Appeal

[1] Generally, there is no right of immediate appeal from interlocutory orders and judgments. The North Carolina General Statutes set out the exceptions under which interlocutory orders are immediately appealable. N.C.G.S. § 1-277(a) provides: "an appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding."

*Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). Our Supreme Court has held that an order granting a motion to disqualify counsel is immediately appealable. *Id.* at 727, 392 S.E.2d at 737 ("[O]nce the attorney was admitted under the statute, [the client] acquired a substantial right to the continuation of representation by that attorney—just as with any other attorney duly admitted to practice law in the State of North Carolina . . . Thus, when the trial court's order disqualifying counsel was entered, [the client] correctly moved to appeal that decision immediately before proceeding with further discovery and the trial."). Defendant's appeal is properly before this Court.

## IV. Standard of Review

[2] This court has stated absent a showing of an abuse of discretion, a decision regarding whether to disqualify counsel "is discretionary with the trial judge and is not generally reviewable on appeal." *In re Condemnation of Lee*, 85 N.C. App. 302, 310, 354 S.E.2d 759, 764-65, *disc. rev. denied*, 320 N.C. 513, 358 S.E.2d 520 (1987). "An abuse of discretion occurs when the trial court's ruling 'is so arbitrary that it could not have been the result of a reasoned decision.' " *Chicora Country Club, Inc. v. Town of Erwin*, 128 N.C. App. 101, 109, 493 S.E.2d 797, 802 (1997) (quoting *White v. White*, 312

N.C. 770, 777, 324 S.E.2d 829, 833 (1985)), *disc. rev. denied,* 347 N.C. 670, 500 S.E.2d 84 (1998).

## V.  Rules of Professional Conduct

**[3]** Defendant argues the trial court erred when it granted plaintiffs' motion to disqualify Chichester from representing defendant under Rule 1.9(a) of the North Carolina Revised Rules of Professional Conduct.

Rule 1.9(a) provides:

A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

North Carolina Revised Rules of Professional Conduct, Rule 1.9(a) (2005).

For plaintiff to prevail on her claim that Chichester's representation of defendant violated Rule 1.9(a) she had to show: (1) an attorney-client relationship existed between Stephenson and her regarding her criminal charges; (2) the civil lawsuit is the same as or a substantially related matter to the criminal case; and (3) defendant's position is materially adverse to plaintiff's interest. *Id.*

### A.  Representation

Whether an attorney-client relationship existed between plaintiffs and defendants is a question of fact for the trial court and "our appellate courts are bound by the trial court's findings of facts where there is some evidence to support these findings, even though the evidence might sustain findings to the contrary."

*Cornelius v. Helms,* 120 N.C. App. 172, 175, 461 S.E.2d 338, 339-40 (1995) (quoting *In re Montgomery,* 311 N.C. 101, 110-11, 316 S.E.2d 246, 252-53 (1984)).

While the record does not show a financial arrangement between plaintiff and Stephenson, this court has stated the attorney-client relationship "may be implied from the conduct of the parties, and is not dependent on the payment of a fee, nor upon the execution of a formal contract." *Id.* at 175, 461 S.E.2d at 340 (quoting *The North Carolina State Bar v. Sheffield,* 73 N.C. App. 349, 358, 326 S.E.2d 320, 325, *cert. denied,* 314 N.C. 117, 332 S.E.2d 482, *cert. denied,* 474 U.S. 981, 88 L. Ed. 2d 338 (1985)).

FERGUSON v. DDP PHARM., INC.

[174 N.C. App. 532 (2005)]

The ethics commentary following Rule 1.9 notes that a free consultation may in fact create an attorney-client relationship. The question is "whether defendant's conduct was such that an attorney-client relationship could reasonably be inferred" by the purported client. *Sheffield*, 73 N.C. App. at 358, 326 S.E.2d at 325.

Plaintiff contacted Stephenson, a partner with Chichester, Walker & Stephenson, on 5 February 2002, seeking legal advice concerning potential criminal charges after meeting with and being questioned by a police officer. Stephenson advised her to have no further contact with the police. Stephenson also advised plaintiff that he would contact Police Captain Moody and inform the police department that plaintiff would have no further contact with the police. Stephenson scheduled a time for plaintiff to meet and met her at his law office. At that meeting, Stephenson told plaintiff he could no longer represent her because his law partner was representing another client charged in the incident. Sufficient evidence was presented from which the trial court could find and conclude an attorney-client relationship was formed between plaintiff and Chichester, Walker & Stephenson.

## B. Related Matter

Rule 1.9(a) prohibits representation of an adverse client in a matter that is the same, or substantially related to, that of a former client. Rule 1.9, Comment 2 states, "[t]he underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question."

Stephenson represented plaintiff in the case involving forged prescriptions. Stephenson agreed to call the police on plaintiff's behalf to inform them she would have no further contact with the department. Stephenson met with plaintiff at his office and informed her he could not further represent her because a law partner represented another defendant charged in the same incident.

After the criminal case was dismissed, plaintiff filed a civil suit arising from the same operative facts as the criminal case. By purporting to represent defendant in the civil suit by plaintiff, a former client, a court could find Chichester is changing sides in the matter. Rule 1.9, Comment 2 prohibits Chichester from "a changing of sides" to defend plaintiff's claims.

**FERGUSON v. DDP PHARM., INC.**

[174 N.C. App. 532 (2005)]

### C. Materially Adverse Position

According to Rule 1.9, a new client's interests must not be materially adverse to the interests of a former client. Even if the representing attorney leaves the firm, Rule 1.9, Comment 6 states, "[a] lawyer may have general access to files of all clients of a law firm and may regularly participate in discussions of their affairs; it should be inferred that such a lawyer in fact is privy to all information about all the firm's clients."

Plaintiffs named defendant in their civil suit and sought damages for several causes of action. Defendant denies any liability to plaintiffs. Plaintiffs' interests are materially adverse to defendant's interests. Even though Stephenson is no longer a partner with Chichester, Walker & Stephenson, nothing in the record shows the remaining lawyers in the firm, Chichester included, were not privy to confidential information about plaintiffs and the facts giving rise to the case while Stephenson represented plaintiff. According to Rule 1.9, Comment 6, "the burden of proof should rest upon the firm whose disqualification is sought" to prove the information about plaintiff was not shared with other members of the firm. Nothing in the record shows the firm met this burden. Defendant has failed to demonstrate any abuse of discretion in the trial court's ruling.

### D. Rule 1.10(b)

Defendant argues that since Stephenson is no longer a partner with Chichester, Walker & Stephenson, the trial court improperly granted plaintiffs' motion under Rule 1.9. Defendant contends the proper rule to apply is Rule 1.10(b) of the North Carolina Revised Rules of Professional Conduct.

Rule 1.10(b) states:

(b) When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:

(1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and

(2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter.

North Carolina Revised Rules of Professional Conduct, Rule 1.10(b)(1)-(2) (2005).

**FERGUSON v. DDP PHARM., INC.**

[174 N.C. App. 532 (2005)]

Chichester's representation of defendant could violate Rule 1.10(b), as well as Rule 1.9(a). Stephenson represented plaintiff while he was a partner at Chichester, Walker & Stephenson. Stephenson gave plaintiff legal advice regarding her conduct and interaction with the police department. He assured plaintiff he would inform the police on her behalf that she would have no further contact with them and scheduled a time to meet with plaintiff to discuss the case.

The facts involved in the two cases are "substantially related." Rule 1.10(b)(1). The underlying reason plaintiffs filed suit against defendant was because plaintiff anticipated and later was in fact charged with criminal acts for which she specifically consulted with Stephenson. From these facts, a court could reasonably find and conclude that Chichester's representation of defendant would violate plaintiff's attorney-client privilege.

Rule 1.10(b)(2) prohibits representation of a client whose interests are adverse to a former lawyer's client's interests when "any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) that is material to the matter." The burden rests upon the law firm to prove the former attorney did not share any information about the former client with the remaining attorneys in the firm. Rule 1.9, Comment 6. Rule 1.10, Comment 2 states, "a firm of lawyers is essentially one lawyer for purposes of the rules governing loyalty to the client . . . ."

The information plaintiff shared with Stephenson was confidential. She had been investigated for, questioned about, and was aware of potential of criminal charges for attempting to possess scheduled narcotics on a forged prescription. Plaintiff shared this information with Stephenson in confidence. The law firm bore the burden to prove Stephenson did not share the confidential information with the other members of the firm. The record is devoid of such evidence. Defendant failed to show any abuse of discretion in the trial court's ruling. This assignment of error is overruled.

### IV. Conclusion

Chichester, Walker & Stephenson represented plaintiff in the criminal matter involving forged prescriptions. Under either Rule 1.9 or Rule 1.10, the trial court's grant of plaintiffs' motion to disqualify Chichester from representing defendant in the related civil matter was proper. The law firm failed to prove that Stephenson did not share plaintiff's confidential information with the other members of

the firm. Rule 1.9, Comment 6. Defendant failed to show the trial court abused its discretion to warrant reversal of its order. The trial court's order is affirmed.

Affirmed.

Judges JACKSON and JOHN concur.