Flick Mortgage Investors, Inc. v. The Epiphany Mortgage, Inc., et al., 2006 NCBC 3.

STATE OF NORTH CAROLINA       IN THE GENERAL COURT OF JUSTICE
                                                SUPERIOR COURT DIVISION

COUNTY OF MECKLENBURG

| | | |
|---|---|---|
| FLICK MORTGAGE INVESTORS, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   v. | ) | |
| | ) | |
| THE EPIPHANY MORTGAGE, INC., | ) | 04-CVS-22296 |
| MICHELE A. DIXON, | ) | |
| R. KENT WILKINSON and | ) | |
| MOTT E. SIMPSON, individually and | ) | |
| d/b/a MOTT'S APPRAISALS, and | ) | |
| FIRST DECISION MORTGAGE, INC., | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| FLICK MORTGAGE INVESTORS, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   v. | ) | |
| | ) | |
| FIRST DECISION MORTGAGE, INC., | ) | 04-CVS-22297 |
| THE EPIPHANY MORTGAGE, INC., | ) | |
| MICHELE A. DIXON, | ) | |
| R. KENT WILKINSON and | ) | |
| MOTT E. SIMPSON, individually and | ) | |
| d/b/a MOTT'S APPRAISALS | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| FLICK MORTGAGE INVESTORS, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|   v. | ) | |
| | ) | |
| FIRST DECISION MORTGAGE, INC., | ) | 04-CVS-22298 |
| MICHELE A. DIXON, | ) | |
| JAMES L. WRIGHT, individually and | ) | |
| d/b/a JAMES WRIGHT CO., | ) | |
| | ) | |
|     Defendants. | ) | |
| _____ | ) | |
| FLICK MORTGAGE INVESTORS, INC., | ) | |
| | ) | |

|                                               |     |                 |
| --------------------------------------------- | --- | --------------- |
| Plaintiff,                                    | )   |                 |
|                                               | )   |                 |
| v.                                            | )   |                 |
|                                               | )   |                 |
| FIRST DECISION MORTGAGE, INC.,                | )   | 04-CVS-22299    |
| MICHELE A. DIXON,                             | )   |                 |
| R. KENT WILKINSON and                         | )   |                 |
| MOTT E. SIMPSON, individually and             | )   |                 |
| d/b/a MOTT'S APPRAISALS                        | )   |                 |
|                                               | )   |                 |
| Defendants.                                   | )   |                 |

*Andresen & Associates by Kenneth P. Andresen and Matthew R. Arnold for Plaintiff Flick Mortgage Investors, Inc.*

*Sperry & Tyson, PLLC by Adam M. Tyson for Defendants Michele A. Dixon and The Epiphany Mortgage, Inc.*

*Pharr & Boynton, PLLC by Stacey D. Bailey and Steve M. Pharr for Defendants Mott's Appraisals, Mott E. Simpson, and R. Kent Wilkinson.*

*Teague Campbell Dennis & Gorham, LLP by Christopher G. Lewis for Defendant James L. Wright, individually and d/b/a James Wright Co.*

*Law Office of Brad W. Butler by Bradley W. Butler for Defendant First Decision Mortgage, Inc.*

DIAZ, Judge.

## ORDER

{1}     The Court heard this matter on January 24, 2006, upon the Motion of Plaintiff Flick Mortgage Investors, Inc. ("Flick") to Disqualify Counsel pursuant to Rule 1.9 of the North Carolina Revised Rules of Professional Conduct (the "Motion to Disqualify").  Specifically, Flick moves the Court to disqualify attorney Christopher M. Vann ("Vann") and Vann Law Firm, P.A. as counsel for Defendant First Decision Mortgage, Inc ("First Decision").  After considering the Court files, the written motion, the affidavits filed in support of and in opposition to the motion, the stipulations of the parties, and the arguments of counsel, the Court makes the following

## FINDINGS OF FACT

{2}     Flick is represented in these actions by the law firm of Andresen & Associates.

{3}     From November 8, 1999 through January 20, 2005, Vann was associated with the law firm of Andresen & Associates.  During Vann's tenure with the firm, its name was changed to Andresen & Vann.

{4}     Sometime in August 2004, Flick retained Andresen & Vann to represent it in these actions.

{5}     Vann was an attorney with Andresen & Vann at the time Flick became a client and at the time the complaints in these actions were filed.  The firm then consisted of three lawyers, including Vann.

{6}      During the time that Vann was associated with Andresen & Vann, the firm maintained all client files in hard copy as well as on the firm's central computer server.  All client matters were accessible to all attorneys and staff at the firm.  Thus, Vann had access to all information regarding Flick and these actions, including any and all confidential information.

{7}      The complaints filed in these actions were signed "Andresen & Vann" as counsel for the Plaintiff.

{8}      Vann's involvement in these actions while associated with Andresen & Vann consisted of having several conversations with another associate regarding procedural matters and reviewing one of the complaints before it was filed.  Vann did not bill Flick for his work.  Vann also had no direct contact with any Flick representative and has not met Jeff Flick, the president of the company.

{9}      Vann entered his notice of appearance as co-counsel for First Decision on November 22, 2005.  First Decision is also represented by Mr. Brad Butler.

{10}     Flick does not consent to Vann representing First Decision in these actions.

{11}     Based on these findings of fact, the Court enters the following

## CONCLUSIONS OF LAW

{12}     Flick's Motion to Disqualify relies on Rule 1.9(a) of the North Carolina Revised Rules of Professional Conduct ("Rule 1.9(a)"), which provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

{13}     Thus, the initial question for the Court is whether Vann "represented" Flick within the meaning of Rule 1.9(a).

{14}     The existence of an attorney-client relationship is a question of fact for the trial court.  *See, e.g., Ferguson v. DDP Pharmacy, Inc.,* 621 S.E.2d 323, 327 (N.C. Ct. App. 2005).  The question is whether the parties' conduct "'was such that an attorney-client relationship could reasonably be inferred.'"  *Id.* (quoting *The North Carolina State Bar v. Sheffield,* 73 N.C. App. 349, 358, 326 S.E.2d 320, 325 (1985)).  "[A]n important factor in determining the existence of the relationship is the client's subjective belief." *Teja v. Seran,* 68 Wn. App. 793, 796, 846 P.2d 1375, 1377 (1993).

{15}     Given the small size of Vann's former law firm, and the fact that the complaints in these actions were signed "Andresen & Vann," Flick reasonably could believe that an attorney-client relationship existed with Vann, in that any of the three lawyers then at the firm would be available to provide legal advice or assistance to Flick.  Flick's reasonable belief, when coupled with Vann's (albeit minimal) involvement in these matters while he was associated with Andresen & Vann, are sufficient for me to conclude that an attorney-client relationship existed between Flick and Vann, which, in turn, warrants Vann's disqualification.[1]

{16}     Vann is also disqualified by virtue of Rule 1.9(b) of the North Carolina Revised Rules of Professional Conduct ("Rule 1.9(b)").

{17}     Rule 1.9(b) states:

> A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client

(1) whose interests are materially adverse to that person; and

(2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c) that is material to the matter;

unless the former client gives informed consent, confirmed in writing.

{18}     The issue under Rule 1.9(b) is whether Vann acquired confidential information about Flick during his association with Andresen & Vann.

{19}     Official Comment 6 to Rule 1.9(b) provides, in relevant part, that:

Application of paragraph (b) depends on a situation's particular facts, aided by inferences, deductions or working presumptions that reasonably may be made about the way in which lawyers work together.  A lawyer may have general access to files of all clients of a law firm and may regularly participate in discussions of their affairs; it should be inferred that such a lawyer in fact is privy to all information about all the firm's clients.

*See also Ferguson,* 621 S.E.2d at 328.

{20}     Vann concedes that he had access to all client files during his employment as an attorney at Andresen & Vann, although he denies that he acquired any of Flick's confidential information.

{21}     Nevertheless, in light of (a) Vann's unfettered access to client files during his tenure at Andresen & Vann; (b) the small size of Vann's former law firm; and (c) the inferences and working presumptions that may be made about the manner in which lawyers conduct business, the Court, in accordance with Rule 1.9(b), infers that Vann was privy to confidential information regarding Flick.  As a result, Vann should be disqualified from representing First Decision in these actions.

## CONCLUSION

{22}     For the reasons set forth above, the Court **GRANTS** the Plaintiff's Motion to Disqualify Vann and Vann Law Firm, P.A. as counsel for Defendant First Decision Mortgage, Inc. in these actions.

**SO ORDERED**, this 1st day of February, 2006.

---

[1]     That Vann did not charge a fee for the work that he performed on Flick's behalf does not change the result, as the existence of an attorney-client relationship "'is not dependent on the payment of a fee, nor upon the execution of a formal contract.'" *Ferguson,* 621 S.E.2d at 327 (quoting *Cornelius v. Helms,* 120 N.C. App, 172, 175, 461 S.E.2d 338, 340 (1995)).