NATIONAL WRECKING COMPANY, Plaintiff and Counterdefendant-Appellee, v. MIDWEST TERMINAL CORPORATION, Defendant and Counterplaintiff-Appellant (Raymond Harkrider, Appellant).

First District (3rd Division) Nos. 87—220, 87—692 cons.

Opinion filed November 18, 1987.—Rehearing denied January 19, 1988.

Paul J. Bargiel, P.C., of Chicago, for appellants.

Schwartz & Freeman, of Chicago (Susan A. Berkowitz and Aaron E. Hoffman, of counsel), for appellee.

PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

Defendant Midwest Terminal Corp. and Raymond Harkrider appeal from two orders of the trial court. The first order disqualified Harkrider from representing defendant in the present litigation and ordered defendant to file the appearance of substitute counsel. The second order denied defendant's and Harkrider's motion to stay enforcement, force and effect of the court's earlier order disqualifying Harkrider as attorney. Both orders were consolidated for this appeal. On appeal, defendant and Harkrider contend that the trial court improperly granted plaintiff's motion to disqualify Harkrider and erred in refusing to stay enforcement, force and effect of the court's disqualification order. Plaintiff has challenged the jurisdiction of this court to hear the appeal of both orders.

Plaintiff filed a motion to disqualify Harkrider as attorney for defendant in plaintiff's mechanic's lien and breach of contract action against defendant. Plaintiff asserted that Harkrider acted on behalf of defendant in all contract negotiations which produced the contract between the parties. Plaintiff further asserted that as a result of the contract negotiations, Harkrider is likely to be called as a witness in this matter. Rules 5—101(b) and 5—102 of the Illinois Code of Professional Responsibility prohibit a lawyer from acting both as an advocate and as a witness on behalf of a client in the same matter. 107 Ill. 2d Rules 5—101(b), 5—102.

On December 22, 1986, after denying an earlier motion to do so, the trial court disqualified Harkrider, finding that he ought to be

called as a witness, and ordered defendant to file the appearance of substitute counsel by January 30, 1987. The trial court denied defendant's motion for an express written finding that there was no just reason for delay of enforcement or appeal of the trial court's disqualification order pursuant to Supreme Court Rule 304(a). 107 Ill. 2d R. 304(a).

Defendant and Harkrider filed a notice of appeal of the disqualification order and the denial of a Rule 304(a) finding. Defendant and Harkrider subsequently filed a motion to stay enforcement, force and effect of the disqualification order in the trial court. The trial court denied defendant's motion to stay on February 11, 1987. Defendant and Harkrider renewed their motion to stay in this court pursuant to Supreme Court Rule 305(b), and this court denied that motion on March 9, 1987.

Before reaching the merits of this appeal, we must answer plaintiff's contention that this court lacks jurisdiction to hear the appeal of both orders. Upon review we agree that we lack jurisdiction to review the disqualification order and we are therefore required to dismiss the appeal.

■ The first order from which defendant appeals is the order disqualifying Harkrider from representing defendant in the present litigation. Our supreme court has held that an order disqualifying an attorney is not an appealable interlocutory order. (*Almon v. American Carloading Corp.* (1942), 380 Ill. 524, 42 N.E.2d 78.) The *Almon* court rejected defendant's attempt to characterize an order disqualifying an attorney as an injunction under section 78 of the Civil Practice Act (Ill. Rev. Stat. 1941, ch. 110, par. 202), which authorized appeals from the trial court to the appellate court on matters pertaining to interlocutory orders on injunctions and appointments of receivers. Section 78 is the predecessor section of Supreme Court Rule 307, which allows interlocutory appeal of injunction orders. (107 Ill. 2d R. 307.) The *Almon* court held that the order appealed from was not of the character intended by the legislature to be covered by section 78 of the statute. Subsequent cases have held similar orders disqualifying or refusing to disqualify nonappealable. *Leib v. Toulin, Inc.* (1983), 113 Ill. App. 3d 707, 447 N.E.2d 900; *Chicago Title & Trust Co. v. Guaranty Bank & Trust Co.* (1978), 59 Ill. App. 3d 362, 375 N.E.2d 522.

Defendant and Harkrider, in their attempt to convince this court that we have jurisdiction, cite several cases where courts have considered the merits of a disqualification order on appeal. In *Lavaja v. Carter* (1987), 153 Ill. App. 3d 317, 505 N.E.2d 694, a case relied on

by defendant and Harkrider, defendant appealed from the entry of a default judgment and claimed that the trial court abused its discretion by not disqualifying plaintiff's attorney upon defendant's motion. After a discussion of the merits of the default judgment, this court considered the merits of the order denying defendant's motion to disqualify and affirmed the trial court. In *Lavaja*, the disqualification issue was appealed within the context of the final order of default judgment. It clearly differs from the case before us, where appellants are seeking interlocutory review of the disqualification order.

Another case relied on by defendant and Harkrider is *Hannan v. Watt* (1986), 147 Ill. App. 3d 456, 497 N.E.2d 1307, where the initial action in the case was an effort to enjoin a law firm from continuing to represent Northwest Orient Airlines in the aftermath of Northwest's merger with Republic Airlines. This case also differs from the case before us in that plaintiffs in *Hannan* sought an injunction and their appeal was from a final order denying their petition for injunctive relief.

■ Defendant and Harkrider finally rely on the case of *Leckrone v. City of Salem* (1987), 152 Ill. App. 3d 126, 503 N.E.2d 1093, to urge this court to consider the merits of the disqualification order. In *Leckrone*, without mentioning *Almon*, the Fifth District found that an order denying disqualification was final and appealable pursuant to Supreme Court Rule 301. We agree with the court in *Leckrone* that a disqualification order is similar to an interlocutory contempt order and should be held appealable. Nonetheless, *Leckrone* is in contravention of the rule in *Almon* and without proper authority, this court does not have jurisdiction to review a disqualification order.

Defendant and Harkrider point to the fact that the court in *Chicago Title & Trust* acknowledged the weaknesses of this nonappealability rule and stated that with the proper case, the supreme court should reconsider the *Almon* rule. The court in *Chicago Title & Trust* stated that both the attorney and his client are injured by a court's ruling that the attorney cannot represent the particular client, especially the client, who loses his right to be represented by the attorney of his choice. The court further acknowledged that an appeal would be meaningless if consideration of the issue is delayed until an appeal is had on the merits. Despite these shortcomings, the court in *Chicago Title & Trust* found itself bound by the rule in *Almon*. While we agree with the points made in *Chicago Title & Trust*, and believe that the order before us was entered prematurely, we are also bound by the supreme court's rule in *Almon*.

Defendant and Harkrider next characterize the disqualification or-

der as an injunction order and argue that it is therefore appealable as an injunction under Supreme Court Rule 307(a)(1), which provides that an appeal may be taken to the appellate court from an interlocutory order of the trial court granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. (107 Ill. 2d R. 307(a)(1).) They argue that Rule 307 is broader than section 78 of the Civil Practice Act, under which *Almon* was decided. It is important to note, however, that the amendments to section 78, now Supreme Court Rule 307(a)(1), only made orders modifying, denying, or dissolving injunctions appealable. The amendment did not in any way affect an order granting an injunction. If a disqualification order is an injunction, it is an injunction which has been granted and would be appealable both under *Almon* and now. However, *Almon* holds that a disqualification order is not an injunction and therefore is not an interlocutory appealable order.

Defendant and Harkrider finally urge us to find jurisdiction to consider the propriety of the disqualification order under appeal of the February 11, 1987, order refusing to stay enforcement, force and effect of the disqualification order. They argue that the February 11 order is appealable and consideration of the denial of the stay necessarily requires consideration of the propriety of the disqualification order.

Defendant and Harkrider cite several cases in which courts have held that for purposes of appeal, a denial of a stay by a trial court is treated as a denial of a request for a preliminary injunction and therefore appealable under Supreme Court Rule 307(a)(1). They filed a timely notice of appeal of the trial court's February 11, 1987, order denying their request for a stay of enforcement of the disqualification order.

■ We believe that we need not make a determination of whether the trial court's denial of the stay is appealable under Rule 307(a)(1). In the circumstances of this case the trial court properly refused to stay enforcement of the disqualification order. Defendant and Harkrider sought to stay enforcement of the disqualification order pending their appeal. In light of the principle that a disqualification order is not appealable, we fail to see how the trial court could have granted a stay pending appeal of a nonappealable order. Because the disqualification order is nonappealable, the only review available would be on appeal from a determination of the merits of the case. To stay enforcement of the disqualification order until this time would have the effect of reversing the disqualification order. For this reason, this court also refused to stay enforcement of the disqualification order.

We find that under the circumstances of this case, the trial court properly refused to stay enforcement, force and effect of the disqualification order.

Accordingly, we dismiss the appeal of the disqualification order and the denial of the stay and remand the case to the circuit court of Cook County for further proceedings.

Appeal dismissed and cause remanded.

RIZZI and WHITE, JJ., concur.