RAYCHELL GOLDSTON v. AMERICAN MOTORS CORPORATION, AMERICAN MOTORS SALES CORPORATION, AMERICAN MOTORS (CANADA), INC., AND LEITH OF NEW BERN, INC., D/B/A EAST CAROLINA HONDA-VOLVO

No. 487PA89

(Filed 13 June 1990)

**Appeal and Error § 134 (NCI4th)— disqualification of attorney —interlocutory order—right of appeal**

Where counsel had been properly admitted pro hac vice under N.C.G.S. § 84-4.1 and was actively engaged in plaintiff's products liability suit for several years, plaintiff had a substantial right to the continuation of representation by that counsel and could immediately appeal the trial court's interlocutory order disqualifying counsel from further representation of plaintiff.

GOLDSTON v. AMERICAN MOTORS CORP.

[326 N.C. 723 (1990)]

**Am Jur 2d, Appeal and Error §§ 47, 50, 51, 856, 859; Attorneys at Law §§ 184, 189.**

Justice MEYER dissenting.

ON plaintiff's petition for discretionary review of the order of the Court of Appeals, entered 20 October 1989, granting defendants' motion to dismiss plaintiff's interlocutory appeal of an order disqualifying counsel by *Farmer, J.,* entered 21 April 1989 in the Superior Court of DURHAM County. Heard in the Supreme Court 12 April 1990.

*Michael E. Mauney and Charles Darsie for plaintiff-appellant.*

*Yates, Fleishman, McLamb & Weyher, by Joseph W. Yates, III, for defendant-appellees.*

MARTIN, Justice.

Our decision does not require an extensive recital of the facts. In brief, on 7 February 1982 the plaintiff, an East Carolina University coed, was rendered a quadriplegic when the 1979 Jeep CJ-7 Golden Eagle in which she was riding flipped over on the sand dunes of Radio Island. She filed suit on 18 May 1984 against American Motors Corporation ("AMC"), and two of its subsidiaries, American Motors Sales Corporation and American Motors (Canada), Inc. for negligent design of the factory-mounted roll bar, negligent construction, negligent marketing, negligent failure to warn, and negligent failure to recall. Her lawsuit further alleged breach of warranties by AMC, its subsidiaries and East Carolina Honda-Volvo. Two years later, R. Ben Hogan of the Alabama Bar was admitted pro hac vice to represent plaintiff along with her present counsel, Norman Williams, Michael Mauney and Charles Darsie. Hogan is nationally known for his active involvement in product liability litigation and specifically in liability actions arising from accidents involving AMC or Jeep vehicles.

In 1988 Hogan was contacted by Rahn Huffstutler, a former AMC attorney and engineer who had assisted AMC in the defense of similar product liability suits. Upon his departure from AMC, Huffstutler had retained several confidential and protected documents. Huffstutler met with Hogan on various occasions to discuss the probable use of the documents at trial and the potential use of Huffstutler as an expert witness for plaintiff. Upon learning

GOLDSTON v. AMERICAN MOTORS CORP.

[326 N.C. 723 (1990)]

of these meetings, AMC moved to enjoin Huffstutler from disclosing the confidential and privileged information obtained during his employment with AMC. The Court of Common Pleas of Ohio (Huffstutler's residence) granted AMC's prayer for permanent injunctive relief. That decision was reviewed by the Court of Appeals of Wood County, and the issue is presently before the Supreme Court of Ohio.

At the same time, AMC moved to have Hogan disqualified as counsel in each of the Jeep cases in which he was involved across the country. Because of his involvement in this case, a series of hearings was conducted in the trial court between October 1988 and April 1989 to determine the extent of Hogan's contacts with Huffstutler. Judge Manning conditionally denied the motion by defendants to disqualify Hogan upon the express requirement that Hogan file an affidavit verifying that his contacts with Huffstutler were limited to those admitted by him during the hearings. Upon reviewing the submitted affidavit which enumerated substantially greater contacts than previously disclosed, Judge Farmer, in accordance with Judge Manning's order, ruled that Hogan must be disqualified from any further representation of plaintiff.

Plaintiff appealed the ruling and the Court of Appeals dismissed the appeal. Plaintiff then filed a notice of appeal and a petition for discretionary review with this Court. We dismissed the appeal but allowed the petition limited to the sole issue of the appealability of the trial court's interlocutory order. The issue before us is whether plaintiff has a substantial right to counsel of her own choosing and, if so, whether plaintiff may immediately appeal when her chosen counsel is disqualified.

Generally, there is no right of immediate appeal from interlocutory orders and judgments. The North Carolina General Statutes set out the exceptions under which interlocutory orders are immediately appealable. Relevant here are the following statutes:

N.C.G.S. § 1-277(a) provides:

An appeal may be taken from every judicial order or determination of a judge of a superior or district court, upon or involving a matter of law or legal inference, whether made in or out of session, which affects a substantial right claimed in any action or proceeding . . . .

GOLDSTON v. AMERICAN MOTORS CORP.

[326 N.C. 723 (1990)]

N.C.G.S. § 7A-27(d) provides:

From any interlocutory order or judgment of a superior court or district court in a civil action or proceeding which affects a substantial right . . . appeal lies of right directly to the Court of Appeals.

This Court, speaking through Justice Huskins, said: "Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment." *Stanback v. Stanback*, 287 N.C. 448, 453, 215 S.E.2d 30, 34 (1975). Therefore, plaintiff is not entitled to appeal from the interlocutory order disqualifying her counsel unless the order deprived her of a "substantial right which [s]he would lose absent a review prior to final determination." *Robins & Weill v. Mason*, 70 N.C. App. 537, 540, 320 S.E.2d 693, 696, *cert. denied*, 312 N.C. 495, 322 S.E.2d 559 (1984). Essentially a two-part test has developed — the right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment. *See Wachovia Realty Investments v. Housing, Inc.,* 292 N.C. 93, 232 S.E.2d 667 (1977).

"Normally, a litigant has a fundamental right to select the attorney who will represent him in his lawsuit." *Hagins v. Redevelopment Commission*, 275 N.C. 90, 102, 165 S.E.2d 490, 498 (1969). This is a basic premise of the adversary system in judicial proceedings. We hold that plaintiff had a substantial right to have R. Ben Hogan represent her in her lawsuit against AMC. We are mindful of the apparent disharmony with the decision in *Leonard v. Johns-Manville Corp.*, 57 N.C. App. 553, 291 S.E.2d 828, *cert. denied*, 306 N.C. 558, 294 S.E.2d 371 (1982). There the Court of Appeals denied the appeal on the basis that the trial court's interlocutory order denying a motion for admission of counsel pro hac vice did not involve a substantial right and was not immediately appealable as a matter of right. In *Leonard*, the subject matter of the appeal was to have been whether the trial court erred in its determination that the out-of-state counsel failed to meet the conditions precedent for admission pro hac vice set forth in N.C.G.S. § 84-4.1. "[P]arties do not have a right to be represented in the courts of North Carolina by counsel who are not duly licensed to practice in this state. Admission of counsel in North Carolina

GOLDSTON v. AMERICAN MOTORS CORP.

[326 N.C. 723 (1990)]

pro hac vice is not a right but a discretionary privilege." 57 N.C. App. at 555, 291 S.E.2d at 829. In the case at bar, R. Ben Hogan had been properly admitted pro hac vice under the statute and was actively involved in plaintiff's lawsuit for several years. The distinction is thus: once the attorney was admitted under the statute, plaintiff acquired a substantial right to the continuation of representation by that attorney—just as with any other attorney duly admitted to practice law in the State of North Carolina. We also note that the trial court did not summarily remove Hogan pursuant to N.C.G.S. § 84-4.1. The order removing Hogan as counsel affected a substantial right of the plaintiff.

Depriving plaintiff of her counsel of choice, who is an alleged expert in cases of this nature, certainly exposed her to potential injury unless corrected before trial and appeal from final judgment. Plaintiff is faced with an extremely difficult task of showing harm in the event that she should receive a favorable verdict. How does one prove the actual amount of damages sustained in the loss of representation by counsel with the years of experience and know-how which Mr. Hogan allegedly has developed through his practice of suing major manufacturers of jeeps and related vehicles for tort liability? Thus, when the trial court's order disqualifying counsel was entered, plaintiff correctly moved to appeal that decision immediately before proceeding with further discovery and the trial.

We are cognizant of the United States Supreme Court decision in *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 86 L. Ed. 2d 340 (1985), which held that appellate courts do not have jurisdiction to review on appeal an order disqualifying counsel in a civil case because it is not a collateral order subject to immediate appeal under 28 U.S.C.A. § 1291. The federal statute grants the courts of appeals jurisdiction of appeals from all "final decisions of the district courts," except where a direct appeal lies to the United States Supreme Court. The United States Supreme Court has consistently held that the finality requirement means that a party may not appeal until there has been a decision on the merits. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 66 L. Ed. 2d 571 (1981) (citations omitted). The narrow exception to this rule is called the "collateral order doctrine." For a case to fall within this doctrine and be immediately appealable, it must: (1) conclusively determine the disputed question; (2) resolve an important issue completely separate from the merits of the action; and (3) be effec-

tively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 57 L. Ed. 2d 351 (1978).

*Richardson-Merrell* is inapposite because the issue before us is controlled by our interpretation of the North Carolina statutes. Our statutes setting forth the appeals process do not include the same jurisdictional "finality" requirement as does the federal statute. As a result, our Court has taken a different approach and developed the *Wachovia* two-prong test. As we have previously stated, for an interlocutory order to be immediately appealable, it must: (1) affect a substantial right and (2) work injury if not corrected before final judgment. *Wachovia*, 292 N.C. 93, 232 S.E.2d 667. Here, these requirements have been met by plaintiff.

The trial court's order is appealable, and the Court of Appeals was in error in dismissing plaintiff's appeal without first passing on the merits thereof. The cause is remanded to the Court of Appeals for a decision on the merits.

Reversed and remanded.

Justice MEYER dissenting.

The "substantial right" test for appealability of interlocutory orders is more easily stated than applied. *See Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 299 S.E.2d 777 (1983). It is usually necessary to resolve the question of whether an appeal is premature in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered. *Bernick v. Jurden*, 306 N.C. 435, 293 S.E.2d 405 (1982).

*Under the peculiar circumstances presented in this case,* I am not convinced that the trial court's disqualification of co-counsel Hogan was a decision which would tend to be particularly injurious to plaintiff if not heard on appeal before final judgment. From the beginning, plaintiff has been represented by three North Carolina attorneys whom the trial court found to be fully competent to try her case. In his order dated 5 April 1989, Judge Manning found that plaintiff's North Carolina counsel were "competent, capable lawyers well able to proceed to trial in complicated litigation of this type without Hogan. This finding is based on the Court's personal observation of plaintiff's North Carolina counsel." Plaintiff's local counsel encouraged plaintiff to retain Hogan, a member

## GOLDSTON v. AMERICAN MOTORS CORP.

[326 N.C. 723 (1990)]

of the Alabama bar, as additional counsel to be admitted *pro hac vice*. This change of strategy did not take place until more than two years after the filing of plaintiff's complaint.

The United States Supreme Court and a number of state courts of last resort have held that orders disqualifying counsel are not immediately appealable as a matter of right. The United States Supreme Court has addressed the appealability of orders granting disqualification on at least two separate occasions. In *Flanagan v. United States*, 465 U.S. 259, 263-64, 79 L. Ed. 2d 288, 291 (1984), the Court held that orders granting disqualification of criminal defense counsel were not immediately appealable since meaningful appellate review would be available after final judgment. In *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-41, 86 L. Ed. 2d 340, 346-53 (1985), the Court held that orders granting disqualification in civil proceedings are likewise not immediately appealable.

In *Richardson-Merrell*, the Court noted, first, that "[w]hen an appellate court accepts jurisdiction of an order disqualifying counsel, the practical effect is to delay proceedings on the merits until the appeal is decided." *Id.* at 434, 86 L. Ed. 2d at 348. Second, the Court noted that to the extent motions to disqualify are interposed for otherwise improper purposes, it is the trial court which has the "primary responsibility to police the prejudgment tactics of litigants . . . [;] the district judge can better exercise that responsibility if the appellate courts do not repeatedly intervene to second-guess prejudgment rulings." *Id.* at 436, 86 L. Ed. 2d at 350.

Numerous state courts have applied the same rule that orders granting disqualification are not immediately appealable. *See, e.g., Burger and Burger v. Murren*, 202 Conn. 660, 522 A.2d 812 (1987) (overruling *State v. Rapuano*, 192 Conn. 228, 471 A.2d 240 (1984) ); *Jenkins v. U.S.*, 548 A.2d 102 (D.C. App. 1988); *Chuck v. St. Paul Fire and Marine Ins. Co.*, 61 Haw. 552, 606 P.2d 1320 (1980); *National Wrecking v. Midwest Terminal*, 164 Ill. App. 3d 621, 518 N.E.2d 193 (1987); *Harris v. Harris*, 310 Md. 310, 529 A.2d 356 (1987); *Maddocks v. Ricker*, 403 Mass. 592, 531 N.E.2d 583 (1988).

The decisions of the United States Supreme Court and these other state appellate courts are not dispositive of the issue before this Court, and I would not favor such a rule to be applied to a party's *primary* counsel, whether counsel be regularly admitted in North Carolina or admitted *pro hac vice*. I would, however, apply the rule to disqualification of secondary *pro hac vice* counsel.

GOLDSTON v. AMERICAN MOTORS CORP.

[326 N.C. 723 (1990)]

I do not take issue with the majority's statement of the general principle that a party has a fundamental right to her counsel of choice. I would not hesitate for a moment to join in the result reached by the majority if it were the plaintiff's primary North Carolina counsel who had been disqualified. Here, however, plaintiff has three competent primary North Carolina counsel continuing to represent her. It is only a secondary, out-of-state co-counsel, who was admitted *pro hac vice* and who joined the case two years after it was filed, who has been disqualified. Plaintiff does not have an unqualified right to additional out-of-state counsel admitted *pro hac vice*. Parties do not have a right to be represented in the courts of North Carolina by counsel who are not duly licensed to practice in this state. Although North Carolina law permits attorneys from other states to be admitted on a limited basis to practice in the courts of this state under the provisions of N.C.G.S. § 84-4.1, it is viewed as a privilege which is afforded to litigants and is one which, by statute, is *subject to summary revocation within the discretion of the trial court*. The purpose of this statute is to afford the courts a means to control out-of-state counsel and to assure compliance with the obligations and responsibilities of attorneys practicing in the courts of this state. Specifically, N.C.G.S. § 84-4.2 provides in part as follows:

> Permission granted under the preceding section [allowing *pro hac vice* admission] may be summarily revoked by the General Court of Justice . . . on its own motion and in its discretion.

N.C.G.S. § 84-4.2 (1985).

I note that the Ohio Supreme Court has granted review of the decision by the Court of Appeals of Wood County which vacated the permanent injunction granted by the Court of Common Pleas of Ohio in AMC's favor against Rahn Huffstutler, the former AMC engineer (also an attorney) who sought to utilize the protected documents he had acquired upon departing AMC in his capacity as an expert witness for plaintiff. Hogan met with Huffstutler on numerous occasions to discuss these documents and to determine the most effective way of utilizing Huffstutler's testimony at this and other pending trials involving AMC Jeeps across the country.

I also note that AMC has obtained orders of disqualification in each of the Jeep cases in both state and federal courts in which Hogan was involved. See *Order in Matthews v. Jeep Eagle Corp.*,

**GOLDSTON v. AMERICAN MOTORS CORP.**

[326 N.C. 723 (1990)]

No. 88-6120-CA-01 (Cir. Ct. Fla. Oct. 30, 1989); *Order in Hull v. Jeep Eagle Corp.*, No: 3:89-161-16 (D.S.C. Sept. 13, 1989); *Order in Perry v. Jeep Eagle Corp.*, No. IP 88-685-C (S.D. Ind. Aug. 24, 1989, amended Sept. 7, 1989) (copies before the trial court and before this Court); *see also Jacobs v. American Motors Corp.*, No. 89-0518-CV-W-5 (W.D. Mo. Feb. 20, 1989) (WESTLAW, Allfeds library, 1989 WL 200920).

The trial judge here disqualified Hogan as counsel in this case because his participation obviously posed a serious threat that the proceedings would be tainted by the misuse of privileged and confidential information. Judge Manning conducted a series of extensive hearings in which he examined the elements for disqualification and probed in detail Hogan's contacts with Huffstutler. It is obvious from the record before this Court that after a series of hearings on the matter of disqualifying Hogan, Judge Manning was uncertain that all of Hogan's contacts with Huffstutler had been disclosed to the court. In the exercise of an abundance of caution, Judge Manning denied defendants' disqualification motion on 5 April 1989 but only conditionally, upon the express condition that Hogan file an affidavit verifying that his contacts with Huffstutler were limited to those admitted by him in open court and which occurred prior to 1 October 1988. The reason the October 1988 date was chosen as the closing date of the record for the purposes of the disqualification hearing is not apparent to me from the record. It may have been chosen because it was the approximate date plaintiff withdrew Huffstutler as a possible expert witness in the case. Judge Manning ruled that Huffstutler was privy to confidential information and that defendants had not proved that information had passed to plaintiff, but that Hogan would be disqualified for giving an appearance of impropriety if he had "contact" with Huffstutler not previously disclosed to the court or occurring after 1 October 1988. Specifically, Judge Manning ordered that "[i]n the event that Hogan files an affidavit and certificate admitting contacts other than the two on record here, then and in such event, the presumption of an appearance of impropriety has been met and the conditional denial of the motion to disqualify is withdrawn and the motion to disqualify is allowed."

Hogan's subsequently filed affidavit disclosed substantially greater contacts with Huffstutler than he had previously admitted, including some after 1 October 1988. Consequently, defendants' motion to disqualify Hogan was granted by Judge Robert L. Farmer

at the conclusion of a final hearing held on 19 April 1989. In drafting his order, Judge Farmer reviewed Judge Manning's original order and incorporated it into his own ruling.

When faced with similar circumstances, courts in other jurisdictions have held that disqualification is mandated when a lawyer gains access to protected information of his opponent through his communication with another lawyer or other person who previously represented or had some relationship with the other side and who was privy to confidential information which is substantially related to the issue in the pending matter. *See, e.g., Lackow v. Walter E. Heller & Co. Southeast,* 466 So. 2d 1120 (Fla. Dist. Ct. App. 1985); *Williams v. Trans World Airlines, Inc.,* 588 F. Supp. 1037 (W.D. Mo. 1984).

At the very least, I find that Hogan's actions violated Canon IX of the Rules of Professional Conduct of the North Carolina State Bar in that they failed to avoid the appearance of impropriety. That Canon provides: "A lawyer should avoid even the appearance of professional impropriety." N.C. Rules of Professional Conduct Canon IX (1985). Our courts have held that it is within the discretion of the trial court to disqualify an attorney for violation of these ethical rules, but this discretion must be exercised within the parameters of the applicable canon(s). *Lowder v. Mills, Inc.,* 60 N.C. App. 275, 300 S.E.2d 230, *aff'd in part, rev'd in part on other grounds,* 309 N.C. 695, 309 S.E.2d 193 (1983). Parties have no right to be represented by counsel who is tainted in the particular matter being adjudicated, whether home-grown or *pro hac vice.* In this case, Judge Farmer's decision was made solely within his discretion. He acted wisely and properly to ensure compliance with Canon IX. For all of the above reasons, I respectfully dissent.