VERONICA FILIPOWSKI, Plaintiff v. MELISSA OLIVER (LIEU), Defendant

No. COA11-996

(Filed 6 March 2012)

**Appeal and Error—interlocutory orders and appeals—avoidance of trial—not a substantial right**

> The appeal of the denial of a motion to dismiss was from an interlocutory order and was dismissed where defendant did not demonstrate why the order affected a substantial right which would be lost if not reviewed prior to final judgment. Avoidance of trial was not a substantial right justifying immediate appellate review.

Appeal by defendant from order entered 13 May 2011 by Judge Anderson D. Cromer in Forsyth County Superior Court. Heard in the Court of Appeals 7 February 2012.

> *Wilson Helms & Cartledge, LLP, by G. Gray Wilson and Lorin J. Lapidus, and Woodruff Law Firm, PA, by Carolyn Woodruff, for plaintiff-appellee.*

> *Morrow Porter Vermitsky & Fowler, PLLC, by John C. Vermitsky and John F. Morrow, for defendant-appellant.*

PER CURIAM.

Plaintiff, Veronica Filipowski, filed this action alleging claims for alienation of affections and criminal conversation against defendant Melissa Oliver (Lieu). Defendant moved to dismiss the claims, pursuant to N.C.G.S. § 1A-1, Rules 12(b)(1) and 12(b)(6), contending the torts of alienation of affections and criminal conversation infringe upon her rights under the First and Fourteenth Amendments to the Federal Constitution and the corresponding provisions of the North Carolina Constitution. The superior court denied defendant's motion to dismiss and defendant immediately appealed to this Court. Plaintiff's motion to dismiss the appeal, filed after the record was docketed but before briefing and argument, was denied. Having now had the opportunity to consider the parties' briefs and oral arguments, and pursuant to the authority granted us in *North Carolina National Bank v. Virginia Carolina Builders*, 307 N.C. 563, 567, 299 S.E.2d 629, 632 (1983), we conclude that plaintiff's earlier motion

**FILIPOWSKI v. OLIVER**

[219 N.C. App. 398 (2012)]

to dismiss the appeal was improvidently denied and we, *ex mero motu*, dismiss this appeal.

---

The order from which defendant appeals is clearly interlocutory. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). However, N.C.G.S. § 1-277(a) authorizes appeal to be taken from any order or determination of a district or superior court that affects a substantial right. N.C. Gen. Stat. § 1-277(a) (2011). In evaluating whether appeal may be taken prior to final judgment, "[e]ssentially a two-part test has developed—the right itself must be substantial and the deprivation of that substantial right must potentially work injury . . . if not corrected before appeal from final judgment." *Goldston*, 326 N.C. at 726, 392 S.E.2d at .736. To demonstrate that an order affects a substantial right, "[t]he [appellant] must present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right." *Hoke Cty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516, *disc. review denied*, 363 N.C. 653, 686 S.E.2d 515 (2009).

In this appeal, defendant is essentially asking this Court to decide the merits of the case disguised as an interlocutory appeal of an order affecting her substantial rights. Defendant has failed, however, to demonstrate why the order at issue affects a substantial right which will be lost if the order is not reviewed prior to a final judgment in the case. She argues only that the denial of her motion subjects her to the possibility of a lengthy and expensive trial. Our courts have held many times that avoidance of the time and expense of a trial is not a substantial right justifying immediate appellate review of an interlocu-tory order. *E.g.*, *Lee v. Baxter*, 147 N.C. App. 517, 520, 556 S.E.2d 36, 37-38 (2001).

Appeal dismissed.

Panel consisting of:

Chief Judge MARTIN, Judges HUNTER (ROBERT C.) and STEPHENS