IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA17-384

 Filed: 3 April 2018

Bladen County, Nos. 13 CRS 050477, 050479; 15 CRS 000944-959; and 15 CRS
050855, 050858

STATE OF NORTH CAROLINA,

 v.

JEFFREY SCOTT SMITH, Defendant.

 Appeal by the State from orders entered 13 January 2016 and 19 August 2016

by Judge Ola M. Lewis in Bladen County Superior Court. Heard in the Court of

Appeals 18 October 2017.

 Attorney General Joshua H. Stein, by Assistant Attorney General Kathleen N.
 Bolton, for the State.

 Smith Moore Leatherwood LLP, by Matthew Nis Leerberg and Kip David
 Nelson, for Defendant-Appellee.

 INMAN, Judge.

 The State appeals from an order entered by Judge Ola M. Lewis in Bladen

County Superior Court recusing the District Attorney of the 13th Judicial District

and his staff from further prosecuting Jeffrey Scott Smith (“Defendant”) and five

unnamed co-defendants in criminal actions arising from the commercial use of

promotional internet software. The State also appeals from the denial of its motion

to reconsider the recusal order. The State argues that the trial court’s order must be
 STATE V. SMITH

 Opinion of the Court

vacated on three grounds: (1) the trial court exceeded its lawful authority by recusing

the entire District Attorney’s Office, (2) the sua sponte nature of the recusal order—

decided without notice or a hearing—undermines the adversarial process of our legal

system, and (3) the trial court’s findings of fact are not support by any evidence.

 After careful review, we vacate the trial court’s recusal order and remand for

further proceedings. Because we vacate the recusal order, the State’s appeal from

the trial court’s denial of its motion for reconsideration is moot.

 Factual and Procedural History

 On 10 June 2013, Defendant was indicted on two counts of electronic

sweepstakes violations pursuant to N.C. Gen. Stat. § 14-306.4(b) in case numbers 13

CRS 50477 and 13 CRS 50479. Defendant entered a plea of not guilty, the case

proceeded to trial, and on 10 April 2014, a mistrial was declared following a

deadlocked jury. Defendant, who had been released on pre-trial bond, remained free

pending the resolution of the charges.

 Defendant was next indicted on 6 July 2015 on seven counts of felonious

possession of five or more video gaming machines (15 CRS 944, 947, 948, 949, 950,

951; 15 CRS 50858), seven counts of felonious operation of five or more video gaming

machines in violation of N.C. Gen. Stat. § 14-306.1A (15 CRS 945, 946, 956, 957, 958

959; 15 CRS 50855), two counts of misdemeanor gambling (15 CRS 952, 953), and two

counts of misdemeanor electronic sweepstakes violations pursuant to N.C. Gen. Stat.

 -2-
 STATE V. SMITH

 Opinion of the Court

§ 14-306.4(b) (15 CRS 954, 955). The State filed a motion to revoke Defendant’s initial

bond of $68,750 and to set a new secured bond in the amount of $500,000.

 Defendant filed a response to the State’s motion to increase bond, along with a

motion to dismiss all charges for prosecutorial vindictiveness. On the same day,

Cybernet LLC and Aladdin Real Estate, LLC, business entities affiliated with

Defendant, filed a civil complaint in Bladen County Superior Court against Jonathan

David, in his individual capacity and in his official capacity as the District Attorney

for the 13th Judicial District, James McVicker, in his individual capacity and in his

official capacity as the Sheriff of Bladen County, and Travis Deaver, in his individual

capacity and in his official capacity as a Deputy Sheriff of Bladen County.

 A hearing on the State’s motion to increase bond was set for 11 January 2016,

but the parties agreed to continue the hearing, after Defendant’s motion to dismiss

the charges for prosecutorial vindictiveness was served on the State only three days

before the proposed hearing.

 Despite the parties’ agreement to seek a continuance of the State’s motion, at

the 11 January 2016 Criminal Session of Bladen County Superior Court, the trial

court, sua sponte and without a hearing, rendered an oral order removing the District

Attorney for the 13th Judicial District, and his staff, from serving as the prosecutors

in the pending matters regarding Defendant.1 Two days later, the trial court issued

 1The parties stipulated to the events of the 11 January 2016 Criminal Session of Bladen
County Superior Court as no recordings or transcripts were taken of the oral order.

 -3-
 STATE V. SMITH

 Opinion of the Court

its written order of recusal, signed nunc pro tunc to 11 January 2016, in which it

made the following Findings of Fact:

 1. That the Defendant stands charged with twenty (20)
 indictments, all involving Defendant’s wife’s businesses
 which use internet promotional software.

 2. That the State and the Defendant had agreed to continue
 the hearing since the District Attorney was served on
 January 8th, 2016 with the vindictiveness dismissal
 motion.

 3. That, also on Friday, January 8th, 2016, a civil action
 was filed against the District Attorney, and others, which
 involves damages suffered by Defendant’s company and
 Defendant’s wife’s company during the Bladen County
 Sheriff’s raid which resulted in most of the Defendant’s
 criminal charges. That file is 16 CVS 9, Bladen County
 Clerk of Superior Court, and is incorporated herein.

 4. That the Court finds that the civil filing creates a conflict
 of interest, and that the District Attorney for the 13th
 Judicial District, and his staff, should be recused from
 further prosecution of the criminal action.

 5. That there are five (5) Co-Defendants charged with the
 same offenses as the Defendant, arising out of the same
 facts and circumstances.

From these facts, the trial court made the following Conclusions of Law:

 1. That the Court has jurisdiction over the subject matter
 of this action.

 2. That the civil action filed in File No. 16 CVS 9, against
 the District Attorney for the 13th Judicial District, creates
 a conflict of interest which prevents the District Attorney
 from being involved in further prosecution of the
 Defendant.

 -4-
 STATE V. SMITH

 Opinion of the Court

 3. That the District Attorney should be recused from any
 further criminal prosecution of the Defendant or any co-
 Defendants.

The trial court’s order decreed:

 Based on the Foregoing Findings of Fact and Conclusions
 of Law, it is hereby Ordered, Adjudged, and Decreed that
 the District Attorney for the 13th Judicial District, and his
 staff, are hereby recused from any further prosecution of
 these cases or any of the cases of the Co-Defendants.

 Two days later, on 15 January 2016, the State filed a motion for

reconsideration of the recusal order. A hearing was set for 25 April 2016, however

before this date, the State waived its request for a hearing and requested that the

motion be decided on the briefs. The trial court denied the State’s motion by order

signed on 1 August 2016 and filed 19 August 2016. On 16 August 2016, the State

filed a notice of appeal from both the recusal order and the denial of its motion to

reconsider. The State withdrew this appeal on 5 December 2016.

 A month later, on 6 January 2017, the State filed a petition for writ of certiorari

with this Court seeking review of both the recusal order and the denial of its motion

to reconsider. We granted this petition by order entered 24 January 2017.

 Analysis

 The State argues that the trial court’s recusal order must be vacated because

the trial court exceeded its lawful authority by recusing the entire District Attorney’s

 -5-
 STATE V. SMITH

 Opinion of the Court

Office from further prosecution of Defendant and the unnamed co-defendants. We

agree.

 1. Appellate Jurisdiction and Standard of Review

 North Carolina’s appellate courts have not previously reviewed a trial court’s

order recusing a district attorney’s office. We have, however, reviewed a trial court’s

order disqualifying a district attorney’s office. See State v. Scanlon, 176 N.C. App.

410, 434, 626 S.E.2d 770, 786 (2006). For the purposes of our review today we note

the primary distinction between recusal and disqualification is the self-imposing

nature associated with recusals compared with the directive nature associated with

disqualifications.2 Because the trial court’s order compels the District Attorney’s

Office’s recusal, we review the order as one disqualifying the District Attorney and

his staff.

 While generally interlocutory, an order disqualifying counsel is immediately

appealable because it affects a substantial right. See Goldston v. American Motors

Corp., 326 N.C. 723, 726-27, 392 S.E.2d 735, 736-37 (1990); see also Travco Hotels v.

Piedmont Natural Gas Co., 332 N.C. 288, 293, 420 S.E.2d 426, 429 (1992) (“[T]he

granting of a motion to disqualify counsel, unlike a denial of the motion, has

 2Black’s Law Dictionary defines recusal as “removal of oneself as judge or policy-maker in a
particular matter, esp. because of a conflict of interest.” Black’s Law Dictionary (10th ed. 2014)
(emphasis added). Disqualification is defined as “[s]omething that incapacitates, disables, or makes
one ineligible; esp., a bias or conflict of interest that prevents a judge or juror from impartially hearing
a case, or that prevents a lawyer from representing a party.” Black’s Law Dictionary (10th ed. 2014).

 -6-
 STATE V. SMITH

 Opinion of the Court

immediate and irreparable consequences for both the disqualified attorney and the

individual who hired the attorney. The attorney is irreparably deprived of exercising

his right to represent a client. The client, likewise, is irreparably deprived of

exercising the right to be represented by counsel of the client’s choice. Neither

deprivation can be adequately redressed by a later appeal of a final judgment adverse

to the client.”).

 In Scanlon, this Court held that a trial court’s “decision regarding whether to

disqualify counsel ‘is discretionary with the trial judge and is not generally

reviewable on appeal.’ ” Scanlon, 176 N.C. App. at 434, 626 S.E.2d at 786 (citation

omitted). This abuse of discretion standard is consistent with other decisions by both

this Court and the North Carolina Supreme Court. See, e.g., Travco Hotels, 332 N.C.

at 295, 420 S.E.2d at 430 (“Decisions regarding whether to disqualify counsel are

within the discretion of the trial judge and, absent an abuse of discretion, a trial

judge’s ruling on a motion to disqualify will not be disturbed on appeal.” (citation

omitted)).

 When applying an abuse of discretion standard, our review “is limited to a

determination of whether there was a clear abuse of discretion.” White v. White, 312

N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citations omitted). “A ruling committed to

a trial court’s discretion is to be accorded great deference and will be upset only upon

a showing that it was so arbitrary that it could not have been the result of a reasoned

 -7-
 STATE V. SMITH

 Opinion of the Court

decision.” Id. at 777, 324 S.E.2d at 833. On a motion for disqualification, “the

findings of the trial court are binding on appeal if supported by any competent

evidence, and the court’s ruling may be disturbed only where there is a manifest

abuse of discretion, or if the ruling is based on an error of law.” State v. Rogers, 219

N.C. App. 296, 299, 725 S.E.2d 342, 345 (2012) (citing State v. Taylor, 155 N.C. App.

251, 255, 574 S.E.2d 58, 62 (2002)).

 2. Discussion

 The principal case in our jurisdiction addressing a trial court’s authority to

disqualify a prosecutor is State v. Camacho, 329 N.C. 589, 406 S.E.2d 868 (1991). In

Camacho, the trial court ordered:

 [I]n order to avoid even the possibility or impression of any
 conflict of interest, the Court directs that the District
 Attorney’s Office immediately withdraw from the case; that
 the District Attorney’s Office, including Ms. Shappert,
 have no further participation, either directly or indirectly,
 with the case; that the Attorney General’s Office be
 contacted immediately by the District Attorney’s Office for
 representation of the State in the matter; and that the
 Attorney General’s Office shall immediately assume the
 prosecution of the case.

Id. at 593, 406 S.E.2d at 870 (emphasis in original). Our Supreme Court addressed

whether each directive in the trial court’s order exceeded the trial court’s authority.

Id. at 593-95, 406 S.E.2d at 870-72. The trial court had disqualified the district

attorney and his staff from further participation in the defendant’s case for the

purpose of avoiding “even the possibility or impression of any conflict of interest.” Id.

 -8-
 STATE V. SMITH

 Opinion of the Court

at 595, 406 S.E.2d at 871-72. The Supreme Court held “that the trial court exceeded

its authority in several respects . . . .” Id. at 595, 406 S.E.2d at 872.

 Camacho articulated the rule that “a prosecutor may not be disqualified from

prosecuting a criminal action in this State unless and until the trial court determines

that an actual conflict of interests exists[,]” as defined by that opinion. Id. at 601-02,

406 S.E.2d at 875-76 (emphasis added) (“[W]e conclude that where a trial court has

found ‘an actual conflict of interests’ as that term has been defined in this opinion, the

trial court may disqualify the prosecutor . . . .” (emphasis added)). The Court defined

“an actual conflict of interests” as arising when “a District Attorney or a member of

his or her staff has previously represented the defendant with regard to the charges

to be prosecuted and, as a result of that former attorney-client relationship, the

prosecution has obtained confidential information which may be used to the

defendant’s detriment at trial.” Id. at 601, 406 S.E.2d at 875. The Court went on to

note that “[e]ven then . . . any order of disqualification ordinarily should be directed

only to individual prosecutors who have been exposed to such information.” Id. at

601, 406 S.E.2d at 876.

 Our Supreme Court in Camacho considered the constitutional nature of the

office of a district attorney, noting: “The several District Attorneys of the State are

independent constitutional officers, elected in their districts by the qualified voters

thereof, and their special duties are prescribed by the Constitution of North Carolina

 -9-
 STATE V. SMITH

 Opinion of the Court

and by statutes.” Id. at 593, 406 S.E.2d at 870 (citations omitted). It was with this

constitutional and statutory mandate in mind that the Court rejected per se rules of

disqualification and concluded: “The courts of this State . . . must, at the very least,

make every possible effort to avoid unnecessarily interfering with the District

Attorneys in their performance of such duties. . . . [And] any order tending to infringe

upon the constitutional powers and duties of an elected District Attorney must be

drawn as narrowly as possible.” Id. at 595, 406 S.E.2d at 872 (citations omitted).

 Camacho ultimately held that a trial court considering disqualifying a

prosecutor should balance the respective interests of the defendant, the government,

and the public. Id. at 600, 406 S.E.2d at 874-75. The Court adopted the balancing

test established by the United States Court of Appeals for the Seventh Circuit in

United States v. Goot, 894 F.2d 231, 236 (7th Cir. 1990), cert. denied, 498 U.S. 811,

112 L. Ed. 2d 22 (1990). Goot reasoned that

 [The defendant] has a fundamental interest in his fifth
 amendment right not to be deprived of liberty without due
 process of law and in his sixth amendment right to counsel.
 The government has an interest in fulfilling its public
 protection function. To that end, the convenience of
 utilizing the office situated in the locus criminis is not
 lightly to be discarded. Furthermore, the government has
 a legitimate interest in attracting qualified lawyers to its
 service.

894 F.2d at 236. The Seventh Circuit panel affirmed the denial of the defendant’s

motion to disqualify the entire United States District Attorney’s Office because the

 - 10 -
 STATE V. SMITH

 Opinion of the Court

government had sufficiently screened the United States Attorney from the

prosecution of the defendant “so that each and every particular interest of [the

defendant], the government, and the public was met.” Id. at 237.

 The trial court’s order in the present case fails for several reasons. First,

Camacho plainly directs that a prosecutor may be disqualified only when the trial

court has found the existence of a conflict of interests as defined by that decision—a

prior representation of Defendant by the prosecutor in the matter sought to be

prosecuted, in which that prosecutor has obtained confidential information

detrimental to Defendant. The trial court here made no such finding. Nor was there

any evidence before the trial court, at the time of its order, that would support a

finding that a member of the District Attorney’s Office had previously represented

Defendant in a related matter and received confidential information detrimental to

Defendant. Rather, the trial court explicitly justified its recusal order based on a

different consideration, stating that “the civil action filed in File No. 16 CVS 9,

against the District Attorney for the 13th Judicial District, creates a conflict of interest

which prevents the District Attorney from being involved in further prosecution of

the Defendant.” The mere filing of a civil suit is insufficient to meet Camacho’s

criteria to disqualify the District Attorney or any of his staff.

 Even assuming arguendo that a conflict of interests beyond the definition

provided in Camacho could support an order compelling the recusal of—i.e.,

 - 11 -
 STATE V. SMITH

 Opinion of the Court

disqualifying—a prosecutor, the unilateral filing of a civil suit by a criminal

defendant would not, on its own, suffice. The North Carolina Supreme Court in State

v. Britt, 291 N.C 528, 231 S.E.2d 644 (1977), entertained possible scenarios in which

it might be proper to remove a prosecutor. In Britt, the defendant sought to remove

a prosecutor based “upon the fact that this [was] the fourth trial for this offense by

the same district attorney, and the fact that [the North Carolina Supreme] Court

reversed the conviction of [the] defendant for over-zealous conduct on the part of the

district attorney . . . .” Id. at 541, 231 S.E.2d at 653. The Supreme Court, rejecting

the defendant’s argument, explained that “[i]n the discharge of his duties the

prosecuting attorney is not required to be, and should not be, neutral. He is not the

judge, but the advocate of the State’s interest in the matter at hand.” Id. at 541-42,

231 S.E.2d at 653. The Court noted that “the prosecutor was acting as the advocate

of the State’s interest. . . . There [had] been no showing of misconduct in [the] trial . .

. [nor] evidence that the prosecutor [had] any conflict of interest, E.g., [sic] prior

representation of [the] defendant; nor that the prosecutor [had] any self-interest in

obtaining the conviction of [the] defendant, E.g., [sic] revenge; nor that the prosecutor

[had] any interest adverse to that of protecting the State.” Id. at 542, 231 S.E.2d at

653-54 (citations omitted).

 A conflict of interests sufficient to disqualify a prosecutor cannot arise merely

from the unilateral actions of a criminal defendant. The trial court’s order here

 - 12 -
 STATE V. SMITH

 Opinion of the Court

included no findings of fact as to how the substance of the civil case created a conflict

of interest for the District Attorney, or any of his staff, in the criminal action.

 Moreover, the trial court’s order is not drawn as narrowly as possible, as

required by our Supreme Court. Camacho directs that “any order tending to infringe

upon the constitutional powers and duties of an elected District Attorney must be

drawn as narrowly as possible.” 329 N.C. at 595, 406 S.E.2d at 872. The trial court’s

order here disqualifies the named District Attorney in the civil suit, as well as the

entire District Attorney’s Office for the 13th Judicial District. Additionally, the order

applies not only to Defendant, but to five other unnamed co-defendants.

 Because the trial court’s order lacks the proper findings sufficient to support

the disqualification of the prosecutor or any of his staff, and because the trial court’s

order is not narrowly tailored to address any possible conflict of interests, we hold

that the trial court exceeded its lawful authority in ordering the recusal of the District

Attorney for the 13th Judicial District and his entire staff.3

 Conclusion

 For the foregoing reasons, we vacate the trial court’s recusal order and remand

for further proceedings.

 VACATED AND REMANDED.

 3 We note that the trial court did not proceed with a hearing on Defendant’s motion to dismiss
for prosecutorial misconduct. Our opinion today does not address that motion or Defendant’s
contentions therein.

 - 13 -
 STATE V. SMITH

 Opinion of the Court

Judges ELMORE and DIETZ concur.

 - 14 -