IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-525

No. COA20-748

Filed 5 October 2021

Iredell County, No. 19 CVS 2687

EHREN HULL, Plaintiff,

v.

TONY MCLEAN BROWN, Defendant.

Appeal by defendant from order entered 17 September 2020 by Judge Julia Lynn Gullett in Iredell County Superior Court. Heard in the Court of Appeals 25 August 2021.

> *Homesley and Wingo Law Group, PLLC, by Andrew J. Wingo and Kyle L. Putnam, for plaintiff-appellee.*
>
> *James, McElroy & Diehl, P.A., by Preston O. Odom, III, G. Russell Kornegay, III, and Caroline T. Mitchell, for defendant-appellant.*

TYSON, Judge.

## I.    Background

¶ 1        Ehren Hull, ("Plaintiff") commenced this action against Tony Brown ("Defendant") asserting claims for alienation of affection and criminal conversation (together, "covenant claims") regarding Plaintiff's wife. Plaintiff also brought claims for negligent infliction of emotional distress ("NIED"), and intentional infliction of emotional distress ("IIED") (together, "emotional distress claims").

¶ 2   Defendant timely filed his Motion to Dismiss and Request for Transfer to the Superior Court of Wake County for Determination by a Three-Judge Panel ("Motion") pursuant to N.C. R. Civ. P. 42(b)(4). In the Motion, Defendant sought: (1) dismissal of Plaintiff's covenant claims on the basis the statute purportedly codifying them, N.C. Gen. Stat. § 52-13, is facially unconstitutional; and, (2) expeditious transfer of such constitutional challenge for resolution by a three-judge panel. The Motion failed to show the following statutory amendments changed any of the common law elements of either tort. The statute establishes:

> (a) No act of the defendant shall give rise to a cause of action for alienation of affection or criminal conversation that occurs after the plaintiff and the plaintiffs spouse physically separate with the intent of either the plaintiff or plaintiffs spouse that the physical separation remain permanent.
>
> (b) An action for alienation of affection or criminal conversation shall not be commenced more than three years from the last act of the defendant giving rise to the cause of action.
>
> (c) A person may commence a cause of action for alienation of affection or criminal conversation against a natural person only.

N.C. Gen. Stat. § 52-13 (2019).

¶ 3   The trial judge made extensive findings of fact and conclusions of law and denied Defendant's transfer request and his motion to dismiss Plaintiff's covenant claims.

At the close of the hearing, Defendant moved to certify this matter for immediate appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. The trial court denied the motion and did not certify for immediate review.

Defendant filed and served: (1) his responsive pleading; (2) his objections and responses to Plaintiff's first request for admission; and, (3) his Notice of Appeal from the trial judge's ruling.

## II. Issues

Defendant raises two issues on appeal. First, whether the trial court erred by denying his motion to transfer based upon his purported facial constitutional challenge to the covenant claims. Second, whether the trial court erred by denying Defendant's motion to dismiss because it lacked jurisdiction to adjudicate the merits.

## III. Jurisdiction

Defendant argues his interlocutory appeal is properly before this Court pursuant to N.C. Gen. Stat. §§ 1-277(a) and 7A-27(b)(3) (2019).

> Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment . . . Essentially a two-part test has developed[:] the right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment.

*Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990) (citations and internal quotation marks omitted).

> [T]he 'substantial right' test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered.

*Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978).

¶ 8        Defendant argues the trial court's order affects a substantial right: the right to transfer to a three-judge panel, as promulgated by statute.

¶ 9        A litigant has a right to immediately appeal from an interlocutory order denying a motion to transfer a matter from a statutorily improper venue to a statutorily proper venue. *See, e.g., Gardner v. Gardner*, 300 N.C. 715, 719, 268 S.E.2d 468, 471 (1980) ("Although the initial question of venue is a procedural one, there can be no doubt that a right to venue established by statute is a substantial right.").

¶ 10        Defendant appeals pursuant to Rule 42, and "[w]e must be mindful of the longstanding 'presumption [ ] that the legislature was fully cognizant of prior and existing law within the subject matter of its enactment." *State v. Daw*, __ N.C. __, 2021-NCCOA-180, ¶ 39, 860 S.E.2d 1, 12 (2021) (citation omitted). "The avoidance of one trial is not ordinarily a substantial right." *Green v. Duke Power Co.,* 305 N.C. 603, 608, 290 S.E.2d 593, 596 (1982) (citation omitted).

## IV. Trial Court's Compliance with Rule 42

¶ 11        Defendant argues "any facial challenge to the validity of an act of the General

Assembly shall be transferred pursuant to G.S. 1A-1, Rule 42(b)(4)[.]" N.C. Gen. Stat.

§ 1-267.1 (2019). Rule 42(b)(4) provides in relevant part:

> [A]ny facial challenge to the validity of an act of the
> General Assembly . . . shall be heard by a three-judge panel
> in the Superior Court of Wake County . . . if such a
> challenge is raised by the defendant in the defendant's
> answer, responsive pleading, or within 30 days of filing the
> defendant's answer or responsive pleading. In that event,
> the court shall, on its own motion, transfer that portion of
> the action challenging the validity of the act of the General
> Assembly to the Superior Court of Wake County for
> resolution by a three-judge panel *if, after all other matters
> in the action have been resolved, a determination as to the
> facial validity of an act of the General Assembly must be
> made in order to completely resolve any matters in the case.*
> The court in which the action originated shall maintain
> jurisdiction over all matters other than the challenge to the
> act's facial validity. For a motion filed under Rule 11 or
> Rule 12(b)(1) through (7), the original court shall rule on
> the motion, however, it may decline to rule on a motion that
> is based solely upon Rule 12(b)(6). If the original court
> declines to rule on a Rule 12(b)(6) motion, the motion shall
> be decided by the three-judge panel. The original court
> shall stay all matters that are contingent upon the outcome
> of the challenge to the act's facial validity pending a ruling
> on that challenge and until all appeal rights are exhausted.
> Once the three-judge panel has ruled and all appeal rights
> have been exhausted, the matter shall be transferred or
> remanded to the three-judge panel or the trial court in
> which the action originated for resolution of any
> outstanding matters, as appropriate.

N.C. Gen. Stat. § 1A-1, Rule 42(b)(4) (2019) (emphasis supplied).

¶ 12        Rule 42 requires the transfer for the facial constitutional challenge should not happen until "after" a trial on the other unaffected claims in the lawsuit. *Id.*

¶ 13        In *Holdstock v. Duke*, this Court held:

> The trial court also has to determine what issues, if any, are *not* "contingent upon the outcome of the challenge to the act's facial validity[,]" and *resolve those issues before deciding whether it is necessary to transfer the facial challenge to the three-judge panel.*

*Holdstock v. Duke Univ. Health Sys., Inc.*, 270 N.C. App. 267, 281, 841 S.E.2d 307, 317 (2020) (citation omitted) (emphasis in original and supplied).

¶ 14        This Court further held in *Holdstock*:

> [I]f the trial court had found reason to grant summary judgment in favor of either Plaintiffs or Defendants, based upon matters not contingent on Plaintiffs' facial challenge, the trial court would not have transferred Plaintiff's facial challenge to a three-judge panel because the underlying action would have already been decided in full. However, if the trial court had decided all matters not "contingent upon the outcome of" resolution of Plaintiffs' facial challenge, but matters contingent on resolution of the facial challenge remained "in order to completely resolve" the action, the trial court would have been required, "on its own motion, [to] transfer that portion of the action challenging the validity of [Rule 9(j)] . . . for resolution by a three-judge panel[.]

*Id.* at 278–79, 841 S.E.2d at 315. (citation omitted).

¶ 15        Defendant argues Plaintiff's claims in this action for alienation of affections, criminal conversation, NIED, and IIED involve the same facts, the same damages,

and all seek compensatory and punitive damages for all four claims, so the same jury must hear all four claims pursuant to N.C. Gen. Stat. § 1D-30 (2019) (stating "the issues of liability for compensatory damages and the amount of compensatory damages, if any, shall be tried separately from the issues of liability for punitive damages and the amount of punitive damages . . . The same trier of fact that tried the issues relating to compensatory damages shall try the issues relating to punitive damages."). Defendant overstates the nature of these four categories of claims.

¶ 16     Nothing prevents Defendant from raising the constitutionality of the covenant claims before a three-judge panel after all other issues in the case are resolved. If the claims subject to constitutional challenge survive summary judgment on other grounds, a jury may determine the damages of each cause of action separately while Defendant preserves its right to raise the constitutional issues before the three-judge panel before the trial court enters a final judgment. Because not all matters have been fully resolved, the statutory mandated transfer provisions of N.C. Gen. Stat. §§ 1-267.1 & 1-81.1 and Rule 42(b)(4) do not apply. This interlocutory appeal is premature.

## V.     Conclusion

¶ 17     Rule 42 requires all non-contingent matters to be resolved before the facial challenge can be resolved. N.C. Gen. Stat. § 1A-1, 42(b)(4). Once "all other matters in the action have been resolved, a determination as to the facial validity of an act of

the General Assembly must be made[.]" *Id.*

¶ 18    Defendant has not shown any "deprivation of that substantial right . . . [to] potentially work injury to [Defendant] if not corrected before appeal from final judgment." *Goldston*, 326 N.C. at 726, 392 S.E.2d at 736.

¶ 19    This appeal is interlocutory and dismissed. *It is so ordered.*

DISMISSED.

Judges DIETZ and GRIFFIN concur.